*In re* IZZO.

IZZO *v.* PURCELL.

1. GUARDIAN AND WARD—REHEARING OF PROBATE COURT'S SUPPLEMEN-
TAL ORDER.

A petition in the probate court to set aside a previously entered
supplemental order expressly approving a 50% contingent-fee
contract between minor's guardian and her attorneys in con-
nection with recovery of damages for injuries to minor is
treated as a petition for rehearing of the court's supplemental
order.

2. COURTS—REHEARING—DISCRETION OF COURT.

The statutory authority of a probate court to grant a rehearing
is discretionary (CL 1948, § 701.19).

3. SAME—REHEARING—QUESTIONS REVIEWABLE.

The merits of a probate court's original orders are not presented
for review upon appeal taken from denial of petition for
rehearing, the sole question for determination by an appellate
court being whether or not the probate court had abused its
discretion in denying the petition for rehearing (CL 1948,
§ 701.19).

4. SAME—REHEARING—ATTORNEY FEES—DISCRETION OF COURT.

Probate court's denial of petition for rehearing of its orders
approving 50% contingent-fee contract between guardian of
injured minor and her attorneys who had engaged out-of-State
counsel in an action in Federal court *held,* not to have constitut-
ed an abuse of discretion under record showing the arrangement
had been satisfactory to the guardian and her husband until
after a large settlement with the tort-feasor had been effected.

Appeal from Saginaw; Quinn (Timothy C.), J.,
presiding. Submitted June 3, 1959. (Docket No.

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 3 Am Jur, Appeal and Error § 795.

18, Calendar No. 46,596.)    Decided November 25, 1959.

Bessie Izzo, guardian of the estate of Jacqueline Louise Izzo, a minor, and John J. Izzo and Bessie Izzo, parents, attacked the employment of John Purcell and Ferdinand D. Heilman, attorneys, on contingent-fee basis for suit on minor's claim for personal injuries. On settlement of litigation, fees allowed by probate court and sustained in circuit court. Plaintiffs appeal. Affirmed.

*Maiullo & Maiullo (Joseph A. Maiullo, of counsel),* for plaintiffs.

*Otto & Otto (Howard S. Otto, of counsel),* for defendants.

Voelker, J. During July, 1944, Jacqueline Izzo, then aged 6, was playing with some other children. She was wearing a cowboy suit made of some sort of synthetic material. This garment somehow caught fire; the child was badly burned; and as a result she lost both legs at the hips and became permanently crippled. Over 3 years later her father learned that a judgment for $60,000 had been obtained in New York on behalf of a child who had been severely burned while wearing a similar cowboy suit made and distributed by the same people. He thereupon visited the defendant law firm in Saginaw to discuss the situation. It developed that the Izzos were without funds to finance any litigation. After considerable discussion the attorneys suggested that they would handle the case upon a 50% contingent-fee basis. The parents agreed and the child's mother accordingly petitioned the probate court to have herself appointed guardian of the stricken minor and her estate. About February 6, 1948, that petition

was granted. The mother, acting as guardian, then petitioned the court for permission to retain an attorney upon the usual contingent-fee basis, not naming it. That petition also was granted by an order entered February 11, 1948.

Subsequently the retained attorneys (with the aid of local New York counsel) filed suit in a New York Federal court and, after the case was at issue there and ready for trial, obtained an offer of settlement in the amount of $97,500. On March 30, 1949, the probate court here entered an order approving that settlement, the order making no express reference to attorney fees. Thereafter for the first time came rumblings of discontent from the Izzos. On June 27, 1949, the probate court entered a so-called "supplemental order" expressly approving the 50% contingent-fee contract between the guardian and defendants, Heilman and Purcell, the retained attorneys, which contract had been entered into prior to and in accordance with the court's formal order of February 11, 1948. In the meantime the defendants had received their attorney fee and paid the New York correspondent counsel 1/3 out of it, pursuant to their original understanding with him, all of which the Izzos were aware. On July 11, 1949, the petitioner herein by her guardian (petitioner has since come of age) filed in the probate court a petition to set aside that supplemental order. This petition in effect was, and has been referred to by all parties as, a petition for a rehearing of the court's supplemental order. It was denied by the probate court on October 16, 1951. On November 11th of that year petitioner filed her appeal from that denial to circuit court.

Because the time for appeal from the original orders had long since elapsed, the circuit court felt that it could consider only one question: whether the probate court had abused its discretion in deny-

ing plaintiff's petition for rehearing. For a more complete discussion of the procedures and time limitations affecting probate appeals see our recent opinion in *In re Cummings Estate,* 355 Mich 210.

The statute, CL 1948, § 701.19 (Stat Ann § 27.3178 [19]), whereby probate courts are authorized to grant rehearings, makes such authority discretionary. The statute reads, "To that end he may * * * grant rehearings." The record submitted to this Court, although far from adequate in many respects, shows clearly that the probate court acted with care and informed fairness before granting any of its original orders. While we are not passing on the reasonableness of the attorney fees, since that question is not properly before us, we note in passing that the probate court in denying the petition for rehearing had this to say:

"That the court inquired of petitioners if there was any objection to the fees, and the arrangement thereon, and that petitioners stated that they were satisfied therewith; that the court found the fee to be fair and equitable under all of the circumstances, and so held."

The court said further:

"And inasmuch as this matter was previously taken up by the court and fully gone into, this court, in the sound exercise of its discretion, hereby denies a rehearing as prayed for by petitioners, and the original orders of the court shall stand."

Thus it appears that the probate judge considered the petition for rehearing thoroughly and even referred back to his notes of the previous hearing. Appellant has consumed many pages of her brief and record in a vain attempt to bring the merits of her cause before this court. We cannot, however, consider or discuss those merits because we deem ourselves limited (as did the circuit judge) to the

single question of whether or not the probate judge abused his discretion in denying the noted petition for rehearing. In that regard we are in full accord with the circuit court that there is nothing in this verbose record indicating that the probate judge abused his discretion.

We instead think that the probate judge's order of March 30, 1949, was alone quite sufficient to enable those concerned to proceed with the settlement and pay all outstanding obligations, including attorney fees. All that was done. We also think that the "post-rumbling" supplemental order of June 27, 1949, was unnecessary and might well be disregarded by us as surplusage. In any event we note, as did the circuit judge, that had appellant seen fit to do so, she could timely have appealed from the probate court order of June 27, 1949, and thus at least have made some effort properly to put the merits of her cause before the circuit court. She did not choose to take that route, and we cannot now undertake to save her from her wayward course. The various orders and doings of the probate court are accordingly affirmed, with costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK; EDWARDS, and KAVANAGH, JJ., concurred.