ANTHONSEN *v.* STATE HIGHWAY COMMISSIONER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NATURE OF ACTION.
   Whether action in court of claims for damages to plaintiffs' strawberry and cauliflower patches due to sand blown thereon from borrow pits from which topsoil had been removed, sounded in trespass on the case to which defense of sovereign immunity might be raised, or was a continuing trespass, or was a taking of plaintiffs' property for which just compensation was payable is not decided on appeal from accelerated judgment for defendant State and State highway commissioner, where judgment is reversed for new trial.

2. COURTS—STATUTES—PROCEDURE IN COURT OF CLAIMS—NOTICE—LIMITATION OF ACTIONS.
   The statute governing the procedure in the court of claims sets forth 2 time periods of limitations for actions for damage to property, one of 6 months during which notice of intention to file claim must be given, and one of 1 year during which a detailed, verified claim must be filed (CLS 1961, § 600.6431).

3. SAME—PROCEDURE—COURT OF CLAIMS—NOTICE.
   Notice of intention to file claim against State for damage to real property used for strawberry and cauliflower patches, caused by sand blowing from borrow pit maintained by State on adjacent land, must be filed within 6 months after cause of action accrues, but need not be detailed or verified (CLS 1961, § 600.6431).

4. SAME—PROCEDURE—COURT OF CLAIMS.
   Plaintiff landowners, in action for damages to real property, used for strawberry and cauliflower patches, caused by sand blowing from borrow pit maintained by State on adjacent land, *held,* to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 955.
    39 Am Jur, New Trial § 204.
[2-4] 34 Am Jur, Limitation of Actions § 392.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

have complied with statute governing claims in court of claims by filing notice of claim within 6 months after cause of action accrued, followed by amended complaint with details of injury and verification within 1 year after cause of action accrued (CLS 1961, § 600.6431).

5. Costs—Public Question—Damages—Sand Blown from Borrow Pits.

No costs are allowed on appeal from accelerated judgment for defendant State and its State highway commissioner in court of claims by plaintiff landowners in action for damages caused by sand blowing onto plaintiffs' strawberry and cauliflower patches from borrow pit maintained by State on adjacent land, a public question being involved (CLS 1961, § 600.6431).

Appeal from the court of claims; Coleman (Creighton R.), J., presiding. Submitted Division 3 May 11, 1966, at Grand Rapids. (Docket No. 480.) Decided September 27, 1966.

Complaint by Marius Anthonsen and Anna Anthonsen against the State of Michigan and John C. Mackie, as State Highway Commissioner, for damage to land caused by activities of defendant on adjacent land in course of highway construction. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded for trial.

*Kenneth A. Fricke,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Burton P. Daugherty, Jr.,* Assistant Attorney General, for defendants.

J. H. Gillis, J. Plaintiffs, Marius Anthonsen and Anna Anthonsen, appeal from an order entered in the court of claims dismissing their complaint against defendants, State of Michigan and John C. Mackie, as State highway commissioner. The court's finding of August 7, 1964—at which time

defendants' motion for accelerated judgment was granted—was that the cause of action accrued, if it accrued, in April and May of 1963. On this basis the court found that the action was not commenced within the statutory period set forth in the court of claims act,[1] and that since commencement within the statutory period is a condition to bringing suit, the action must be dismissed.

The plaintiffs, owners of property in Casco township, Allegan county, Michigan, sought to recover for damages alleged to have been caused to said property when the State highway department removed topsoil from property acquired by the department which was situated to the west of plaintiffs' property. Plaintiffs alleged that this removal of soil and dirt left a pit on the department property which was exposed to prevailing westerly winds. Said winds blew sand on plaintiffs' strawberry and cauliflower patches rendering the affected area unfit for growing these crops. Plaintiffs sought to recover for claimed destruction of the affected property and loss of income.

The damage to plaintiffs' property allegedly began in April and May, 1963. The chronology of events subsequent to that time is as follows: Plaintiffs filed a notice of intention to file a claim

---

[1] CLS 1961, § 600.6431 (Stat Ann 1962 Rev § 27A.6431) which states:

"(1) No claim may be maintained against the State unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the State or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths. * * *

"(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action."

on September 18, 1963, and a petition on February 3, 1964. On February 14, 1964, the attorney general filed a motion for accelerated judgment. On March 9, 1964, the plaintiffs filed an amended petition. The attorney general filed a motion to correct or strike pleadings under GCR 1963, 115, on March 18, 1964, and the motion for accelerated judgment on the amended petition on March 20, 1964. Briefs were filed and the judgment for defendant set forth above followed.

Much space is devoted in both appellate briefs as to the nature of the appellants' cause of action, *i.e.*, whether the action sounds in trespass on the case to which the defense of sovereign immunity might be raised; or whether a continuing trespass is pleaded; or whether there was a taking of property within the constitutional mandate requiring just compensation therefor. In view of our disposition of this case it will not be necessary for this Court to rule on the applicability of these legal theories at this juncture.

The controlling issue at this point is whether the court of claims erred in dismissing the plaintiffs' complaint because plaintiffs had failed to comply with the statutory requirements in a timely manner.

It is evident that the first notice filed by the plaintiffs[2] was not in conformity with the require-

---

[2] "State of Michigan and John C. Mackie, State Highway Commissioner, Defendants:

"PLEASE TAKE NOTICE that the undersigned claimants intend to file a claim against you in the above mentioned court for damages in the sum of $10,000. This claim arises out of the facts that during the month of April defendant John C. Mackie as State highway commissioner acquired title or the right to use the borrow from land immediately adjacent to that of claimants. That during the months of April, May, June and July the defendant, John C. Mackie, as State highway commissioner, removed borrow from said adjacent property, and allowed the wind to blow sand particles from this property onto the property of claimants, and particularly onto a valuable strawberry patch. That because of the blowing of the sand upon the strawberry plants, the entire patch was destroyed and the claimants lost the value thereof and the production therefrom for the years of 1963 and

ments of subdivision 1 of CLS 1961, § 600.6431 (Stat Ann 1962 Rev § 27A.6431), *supra,* as it did not set forth "in detail" those items named in the statute, nor was it verified as required therein. However, it complied with the notice requirements of subdivision 3 which requires only "a notice of intention to file a claim *or* the claim itself within 6 months following the happening of the event giving rise to the cause of action." Since the cause of action arose in April or May, 1963, a notice filed in September, 1963, is filed within the six-month period.

The amended petition filed in March, 1964,[3] fulfills the prerequisites as to detail set forth in sub-

---

1964, and it has been necessary for the claimants to develop another patch to take the place of the patch destroyed. That the damages suffered by claimants is in the sum of $10,000.00 for which a claim will be filed in this court.

"Dated: September 12, 1963

/s/ Marius Anthonsen

"MARIUS ANTHONSEN

/s/ Anna Anthonsen

"ANNA ANTHONSEN

[3] "Now come Marius Anthonsen and Anna Anthonsen, petitioners herein, and say:

"1. Petitioners are the owners of land in Casco township, Allegan county, Michigan, described as: The east 60 acres of the southwest quarter of section 17, town 1 north, range 16 west.

"2. That the State highway department has acquired title to 90 acres lying directly westerly of the property owned by petitioners; that during the Spring of 1963, the State highway department removed the topsoil from the land that they had acquired and took borrow or fill dirt from their land leaving the pit exposed to prevailing westerly winds; that as a result, the winds blow over the pit, pick up small particles of sand, and blow it upon the land of the petitioners.

"3. That during the months of April and May, the wind blew sand upon the strawberry patch of the petitioners, and because of the blowing of the sand upon the strawberry plants, the entire patch was destroyed and the petitioners lost the value thereof and the production therefrom for years of 1963 and 1964, as it is necessary that petitioners develop another patch to take the place of the patch destroyed. Further, that because of the blowing of the sand upon the land of petitioners, the petitioners have been deprived of the income and use of the land that has been particularly cultivated for the planting and

350          **4 MICH APP 345.**          [Sept.

division 1; it is properly signed and verified; and it was filed within the statutory period of subdivision 1.

growing of cauliflower, and as a result thereof the petitioners have lost the income they would have received from the patch of cauliflower that would have been raised during the year of 1963.

"4. That the petitioners had requested that the State highway department take measures to correct this situation, and the State highway department did erect a snow fence in the hopes of preventing the blowing of the sand upon petitioners' land; however, the snow fence did not correct the situation and the sand is still blown upon the land of the petitioners, and this situation will continue until the pit is covered by some type of vegetation or otherwise.

"5. That the following is an itemized statement of petitioners' claim to-wit:

"Loss of 1963 strawberry crop, est. of 2,100 crates
    at $3.50 per crate ............................ $ 7,350.00
"Loss of 1964 strawberry crop, est. of 1,400 crates
    at $3.50 per crate ............................ 4,900.00
"Loss of 1963 cauliflower crop, est. of 3,500 doz.
    at $2.50 less labor not expended ................ 8,235.00
"Value of cleaning and repainting outside of the
    house ......................................... 300.00
"Nuisance caused by dirt, dust, et cetera on premises
    and in the house ............................. 500.00

                                                $21,285.00

"Wherefore, the petitioners demand judgment against the State of Michigan and John C. Mackie, as State highway commissioner of the State of Michigan in the sum of $21,285.00.

"Dated: Feb. 26, '64

                            /s/ Marius Anthonsen

                           "MARIUS ANTHONSEN

                           /s/ Anna Anthonsen

                           "ANNA ANTHONSEN

"State of Florida
County of Lee

"On this 26th day of February 1964, before me, a notary public in and for said county, personally appeared the above named petitioners, and made oath that they have read the foregoing petition by them subscribed and know the contents thereof and that the same is true of their own knowledge except as to those matters therein stated to be on information and belief and as to those matters they believe it to be true.

                           /s/ Alice H. Hayes

                  Notary public, Lee county, Florida
"SEAL           My commission expires: ——————
                  Notary public, State of Florida at large
                  My commission expires Aug. 8, 1967
                  Bonded by American Fire & Casualty Co."

Two periods of limitations are set forth in CLS 1961, § 600.6431 (Stat Ann 1962 Rev § 27A.6431), *supra.* It is a familiar rule of statutory construction that whenever possible a statute must be construed to give effect to all its provisions. *Fowler* v. *Chiropody Board* (1965), 374 Mich 254. If the requirements set forth in subdivision 1 were essential to the notice required by subdivision 3, there would be no need for subdivision 3. Conversely, if the subdivision 3 time period were to be applicable to the details deemed necessary to *maintain* a claim against the State spelled out in subdivision 1, there would be no necessity for the longer period specified in subdivision 1. When the statute is read as a whole it is apparent that the legislative intent was to provide for two time periods—the shorter one established to require that a claimant give prompt notice of his intention to file a claim, and the longer to provide the claimant with the opportunity to make his claim specific, but within a relatively short time.

Reversed and remanded for trial. No costs, a public question being involved.

HOLBROOK, P. J., and FITZGERALD, J., concurred.