IN THE MATTER OF MICHAEL BRENT HOLE

Docket No. 49867. Submitted August 21, 1980, at Lansing.—Decided December 3, 1980.

Appellant, Nikki Hole, executed a release of her parental rights in respect to her son, Michael B. Hole, in accordance with the Michigan Adoption Code. The Ottawa County Probate Court, Jack A. Vande Bunte, J., executed an order committing the child to the Michigan Department of Social Services for disposition of the putative father's rights and for adoptive planning and placement. The order further indicated that appellant's parental rights had been terminated. Within 20 days of entry of the order, appellant petitioned the court for a hearing to revoke the previously. executed release. Appellant alleged that she had been unduly influenced into signing the release and that the best interests of the child would be served by revoking the release. The Department of Social Services, through the Ottawa County Prosecutor, filed a motion to dismiss the petition, alleging that the court had no jurisdiction to consider the petition absent joinder by the Department of Social Services. The court, Jack A. Vande Bunte, J., granted the motion to dismiss and appellant brought this appeal to determine whether the court erred in determining that it was without jurisdiction to grant a hearing to revoke the release. *Held:*

The probate court failed to recognize and exercise its discretion under the Michigan Adoption Code to grant a hearing on a petition to revoke a release of parental rights without the acquiescence of the Department of Social Services or the child placement agency if the petition is filed within 20 days of entry of the order terminating the parental rights. After 20 days, the child placement agency must join in the petition before the court has jurisdiction to grant such a hearing.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 2 Am Jur 2d, Adoption §§ 46, 47.
    42 Am Jur 2d, Infants § 29.
    59 Am Jur 2d, Parent and Child § 25.
[3] 73 Am Jur 2d, Statutes § 250.

J. H. GILLIS, P.J., concurred but wrote separately to clarify that, while a parent has an absolute right to petition the probate court for a hearing on the issue of revocation of a release of parental rights within 20 days of entry of the court's order terminating the rights, the probate court still has the discretion to grant or deny the hearing. There is no absolute right to a hearing on this issue, just an absolute right to petition the court for such a hearing without the acquiescence of the Department of Social Services or the child placement agency.

OPINION OF THE COURT

1. COURTS — PROBATE COURTS — PARENT AND CHILD — RELEASE OF
   PARENTAL RIGHTS — REVOCATION OF RELEASE — STATUTES.

   A probate court has discretion to set aside a release of parental rights if the parent involved petitions the court to revoke the release within 20 days of entry of the court's order terminating such rights (MCL 710.64[1]; MSA 27.3178[555.64][1]).

2. COURTS — PROBATE COURTS — PARENT AND CHILD — RELEASE OF
   PARENTAL RIGHTS — REVOCATION OF RELEASE — STATUTES.

   A probate court has discretion to set aside a release of parental rights at any time prior to placement for adoption when a petition requesting such relief has been filed by the parent who executed the release and the petition has been joined in by the agency to which the child was released (MCL 710.29[9]; MSA 27.3178[555.29][9]).

3. STATUTES — JUDICIAL CONSTRUCTION.

   A statute must be construed, whenever possible, so as to give effect to all its provisions.

CONCURRENCE BY J. H. GILLIS, P.J.

4. COURTS — PROBATE COURTS — PARENT AND CHILD — RELEASE OF
   PARENTAL RIGHTS — REVOCATION OF RELEASE — STATUTES.

   *A parent has an absolute right to petition the probate court for a hearing to revoke a release of parental rights if the petition is filed within 20 days of entry of the probate court order terminating such rights; after 20 days, the probate court may, in its discretion, grant such a hearing only if the petition for a hearing is joined in by the child-placing agency with which the child was placed and only if the child has not yet been adopted; in either case, the parent has no absolute right to such a hearing (MCL 710.64[1], 710.29[9]; MSA 27.3178[555.64][1], 27.3178[555.29][9]).*

*Wesley J. Nykamp,* Prosecuting Attorney, and *Toni A. McAlhany,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Legal Aid of Western Michigan* (by *William D. Evenson),* for Nikki Hole.

Before: J. H. GILLIS, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

R. M. MAHER, J. Appellant brings this appeal by right from an order of the Ottawa County Probate Court dismissing her petition for a hearing on her request to revoke a previously executed release of her rights over her minor child.

Michael Brent Hole was born to the appellant, Nikki Hole, on August 8, 1977. In September of 1978, a complaint was filed alleging the child to be neglected. A petition alleging neglect was subsequently filed and a hearing on the petition was held on November 9, 1978. At the close of the hearing, the court found evidence sufficient to assume jurisdiction. The child was made a temporary ward of the state and was placed in foster care under the direction of the child welfare division of the Michigan Department of Social Services.

A review dispositional hearing was held on April 12, 1979, at which time the child was continued in foster care. A third review hearing was scheduled for September 21, 1979, to consider a petition filed by the Department of Social Services to terminate the parental rights of the appellant. On that date, the appellant indicated her desire to execute a release of her rights to the minor child under the Michigan Adoption Code. A private hearing was

then held to consider this issue. The appellant proceeded to execute the release which was accepted by the court. Jurisdiction over the minor child was retained by the court to consider the question of the putative father's rights.

On September 24, 1979, the court executed an order committing Michael Brent Hole to the Michigan Department of Social Services for disposition of the putative father's rights and for adoptive planning and placement. The order further indicated the parental rights of Nikki Hole had been terminated.

On October 12, 1979, a petition was filed by appellant requesting a hearing on the issue of revoking the previously executed release. Appellant alleged that she was unduly influenced into signing a release and that the best interests of the child would be served by revoking the release. The Department of Social Services filed a motion to dismiss the petition alleging that the probate court had no jurisdiction to consider the petition absent joinder by the Department of Social Services.

The appellant's petition and the motion to dismiss were joined for a hearing which was held on December 3, 1979. The hearing did not involve the merits of appellant's petition, but centered instead on the issue of whether the court lacked jurisdiction to grant the appellant a hearing on her allegations. By opinion dated January 28, 1980, and order dated January 30, 1980, the court determined that it was without jurisdiction and granted the motion to dismiss.

The issue on appeal is not whether the court abused its discretion in refusing to revoke the release but whether the court erred in determining that it was without jurisdiction to grant a hearing on the question. Resolution of this issue

requires consideration of two separate, and seemingly conflicting, sections of the Michigan Adoption Code. MCL 710.64(1); MSA 27.3178(555.64)(1) would seem to indicate that the court did have jurisdiction to grant appellant's request:

"Upon the filing of a petition in probate court within 20 days after entry of any order under this chapter, and after due notice to all interested parties, the judge of probate may grant a rehearing and may modify or set aside the order."

On the other hand, MCL 710.29(9); MSA 27.3178(555.29)(9) provides:

"Upon petition of the same person or persons who executed the release *and of the department or child placing agency to which the child was released,* the court with which the release was filed may grant a hearing to consider whether the release should be revoked. A release may not be revoked if the child has been placed for adoption. A verbatim record of testimony related to a petition to revoke a release shall be made." (Emphasis added.)[1]

The petition in the instant case was filed within 20 days of the entry of the court's order but was not joined by the Department of Social Services, to whom the child was released. The probate court carefully analyzed these two sections and concluded that the latter controlled so that it, the court, lacked jurisdiction in the absence of the

---

[1] Both statutes grant discretion on two levels: on whether to hold a hearing and on whether to grant the requested relief. These two levels are not, however, clearly distinguishable in practice and, in all cases, the trial court must make some inquiry into the substance of the movant's claim, whether this inquiry is labeled a "hearing" or something else, in order to exercise the discretion granted in an informed manner. See *In re Izzo,* 358 Mich 101, 104; 99 NW2d 625 (1959).

Department of Social Service's acquiescence in the petition.

The relationship between these two sections has previously been explored by this Court. In *DeBoer v Child & Family Services of Michigan, Inc,* 76 Mich App 641, 645; 257 NW2d 200 (1977), the Court indicated that the two statutory sections might be read together by incorporating the 20-day time limit of § 64(1) into the joint petition requirements of § 29(9). While *DeBoer* is of little additional assistance because it is not clear whether the petition in that case was jointly filed, the case would seem to require that the petition be jointly filed *and* within 20 days. *In the Matter of Baby Girl Fletcher,* 76 Mich App 219; 256 NW2d 444 (1977), is more directly on point. In *Fletcher,* all three judges held that both sections were independently applicable. Because the child placement agency in *Fletcher* had not joined in the mother's petition to revoke the release, this Court held that the probate court did not have jurisdiction pursuant to the provisions of § 29(9). This Court also held, however, that the probate court did have jurisdiction under § 64(1), even in the absence of the acquiescence of the child placement agency. *In the Matter of Baby Girl Fletcher, supra,* 220-221, 223. To the extent that a conflict exists between *DeBoer* and *Fletcher,* we elect to follow *Fletcher* and hold that the probate court had jurisdiction under § 64(1). Accordingly, if a petition to revoke a release is brought within 20 days of entry of the court's order, the probate court has discretion to set aside the release. The probate court also has discretion under § 29(9) to set aside a release at any time prior to placement for adoption when a petition requesting such relief has been filed by the parent or parents executing the release and

the petition has been acquiesced in by the agency to which the child was released.

We do not believe this construction is at odds with accepted principles of statutory construction. The two provisions are not wholly inconsistent and each may be given effect without totally negating the other. Whenever possible, we must construe a statute so as to give effect to all its provisions. *Anthonsen v State Highway Comm'r,* 4 Mich App 345, 351; 144 NW2d 807 (1966).

This construction is also supported by practical considerations which the instant case amply demonstrates. Appellant seeks to revoke her release by alleging that undue influence was used to induce her to execute it. We cannot as yet be sure who it is that appellant claims exerted this undue influence since she has not been allowed to substantiate her allegations. It is not unreasonable to expect that in many cases such a claim could focus on the child placement agency to which the child was released. If the statutes were read to absolutely require the acquiescence of the child placement agency, it is doubtful that such claims could ever be raised. One commentator, reacting to such a possibility, remarked:

"To require participation of the agency receiving the child may make it virtually impossible for a mother to attempt to rescind her decision to give up her child. An agency anxious to obtain children for placement may not be eager to participate in revocation proceedings. Although stability for the child should be a desideratum, denying the mother a hearing unless she can persuade the agency to join with her in her petition may be too heavy a price to pay in the twenty day period immediately following termination."

Lombard, *Family Law,* 25 Wayne L Rev 519, 534-535 (1979). While we are not unmindful of the

importance of finality in decisions relating to adoption, *id.,* 534, we do not believe that a 20-day period in which the parent can petition to revoke the release without the presence of the child placement agency constitutes an unreasonable breach of finality, especially in light of the fundamental nature of the parent-child relationship. See *Reist v Bay Circuit Judge,* 396 Mich 326, 339-346; 241 NW2d 55 (1976).

The decision of the probate court must be reversed and this cause remanded for further proceedings because the probate court failed to recognize and exercise the discretion granted by MCL 710.64(1); MSA 27.3178(555.64)(1). See *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), and *Boyd v Wyandotte,* 402 Mich 98; 260 NW2d 439 (1977).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

N. J. Kaufman, J., concurred.

J. H. Gillis, P.J. *(concurring).* I fully concur in my colleague's opinion, but must write separately because I sat on the panel which decided *In the Matter of Baby Girl Fletcher,* 76 Mich App 219; 256 NW2d 444 (1977), and that which decided *DeBoer v Child & Family Services of Michigan, Inc,* 76 Mich App 641; 257 NW2d 200 (1977).

Judge Maher's opinion states that:

"To the extent that a conflict exists between *DeBoer* and *Fletcher,* we elect to follow *Fletcher* and hold that the probate court had jurisdiction under § 64(1). Accordingly, if a petition to revoke a release is brought within 20 days of entry of the court's order, the probate court has discretion to set aside the release. The probate court also has discretion under § 29(9) to set aside a release at any time prior to placement for adoption

when a petition requesting such relief has been filed by
the parent or parents executing the release and acqui-
esced in by the agency to which the child was released."

*Fletcher* stated that, while the probate court
lacked jurisdiction under § 29(9) of the adoption
code because the agency would not acquiesce in
the petition, the court had jurisdiction under
§ 64(1) because the petition was filed within 20
days of the entry of the release. *Fletcher,* 76 Mich
App 219, 220-221, 222-223. *DeBoer* concerned an
entirely different issue but, in the course of analyz-
ing the question whether the parent had an abso-
lute right to revoke her release if she filed a
petition within 20 days, the panel stated that
§§ 29(9) and 64(1) must be read together. *DeBoer v
Child & Family Services of Michigan, Inc,* 76 Mich
App 641, 645. That case did not measure the
parent's right to petition for revocation in terms of
the agency's acquiescence in such petition. Rather,
*DeBoer* involved the question whether the probate
court had any discretion in the matter of granting
the revocation where the petition was filed within
20 days. We there held that:

"Although, as plaintiff argues, the statute [§ 29(9)]
clearly recognizes the possibility that a release may be
revoked so long as the child which is the subject of that
release has not yet been 'placed for adoption', the
Legislature did not thereby intend to bestow such a
remedy on 'change of heart' natural parents as a mat-
ter of right. Indeed, quite to the contrary, *when read in
conjunction with § 64* (emphasis supplied), it would
appear that the authority so conferred to either permit
a hearing or to grant a request that a release be set
aside was intended to vest the resolution of such ques-
tions in the sound discretion of the probate judge before
whom the matter is raised. Subsection 64 specifically

states, 'Upon the filing of a petition in probate court
* * *, the judge of probate * * * *may modify or set
aside the order'.* (Emphasis in original.) *DeBoer, supra,*
645-646.

If *DeBoer* is taken to its extreme, a reading of
§ 29(9) together with § 64(1) would result in the
conclusion that, even if a petition is filed within 20
days, it must be joined by the Department of
Social Services or the child-placing agency. While
such an approach made sense with regard to the
probate court's discretion to permit a rehearing or
grant a request to revoke a release, it does vio-
lence to the "fundamental nature of the parent-
child relationship" if § 64(1) cannot also be applied
independently of § 29(9) in cases such as the one at
bar.

The majority's conclusion in the instant case,
that the parent alone may petition to revoke
within 20 days and that later filings require the
acquiescence of the agency to which the child was
released, is a straightforward interpretation of the
two sections which adequately balances the com-
peting interests of the parent, the agency, and,
hopefully, the child. It accounts for both sections
of the adoption code without rendering either
nugatory. Thus, it retains intact that portion of
*DeBoer* which held that the probate court has
discretion to permit rehearing or grant a request
to revoke a release. The opinion today clarifies
that that discretion may be exercised where the
parent alone files within 20 days or where both
the parent and the agency file before the child has
been placed for adoption.

With these comments in mind, I also would
reverse and remand for further proceedings.