McKANE v CITY OF LANSING
BLAIR v CITY OF LANSING

Docket Nos. 218182, 218582. Submitted January 9, 2001, at Lansing. Decided January 30, 2001, at 9:05 A.M. Leave to appeal sought.

Terry J. McKane, who took early retirement after serving as mayor of the city of Lansing and a member of the Lansing city council, brought an action in the Ingham Circuit Court against the city of Lansing and others to raise state law challenges to the reduction of his retirement benefits after city officials decided that the early retirement program was invalid as applied to elected officials because it was adopted by the city council by resolution instead of by ordinance. McKane had raised the same state law claims along with claims based on federal law in a prior federal district court action against the same defendants, but the district court declined to exercise jurisdiction over the state law claims and dismissed them without prejudice. With regard to McKane's federal law claims, the district court had entered judgment in favor of the defendants, concluding that the early retirement program was invalid and void ab initio because it was enacted by resolution instead of by ordinance, in violation of the Lansing city charter. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of the federal district court in a decision that also rejected McKane's state law claims. The Ingham Circuit Court, Lawrence M. Glazer, J., granted summary disposition for the defendants, ruling that res judicata barred McKane's claims. McKane appealed.

James D. Blair, who took early retirement after serving as Lansing city clerk and a member of the Lansing city council, brought an action in the Ingham Circuit Court against the same defendants sued by McKane after Blair's retirement benefits were reduced for the same reason. In his action, Blair restated federal and state claims he previously made in a federal district court action against the defendants. The district court had entered judgment in favor of the defendants, concluding that the early retirement program was invalid and void ab initio because it had been adopted in violation of the city charter. The Ingham Circuit Court, Lawrence M. Glazer, J., granted summary disposition for the defendants, ruling that res

judicata barred Blair's claims. Blair appealed. The appeals were consolidated.

The Court of Appeals *held*:

In Michigan, res judicata applies to bar a subsequent relitigation based on the same transaction or events, regardless of whether the subsequent litigation is pursued in a federal or state forum.

Affirmed.

ACTIONS — RES JUDICATA — PRIOR FEDERAL ACTIONS.

A federal judgment precludes relitigation of the same claim in state court based on issues that were or could have been raised in the federal action.

*White, Przybylowicz, Schneider & Baird, P.C.* (by *Thomas A. Baird*), for Terry J. McKane.

*Farhat & Story, P.C.* (by *Chris A. Bergstrom*), for James D. Blair.

*James D. Smiertka*, City Attorney, and *Margaret E. Vrooman*, Assistant City Attorney, for the appellees.

Before: SAWYER, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. In Docket No. 218182, plaintiff Terry J. McKane, a former mayor of the city of Lansing, appeals as of right the order granting defendants' motion for summary disposition. In Docket No. 218582, plaintiff James D. Blair, a former city clerk of the city of Lansing, appeals as of right the order granting defendants' motion for summary disposition. We affirm.

The parties agree that the pertinent facts are not in dispute and that this matter was appropriate for resolution by summary disposition. In 1971, McKane was elected to the Lansing city council and served as a council member for nearly eleven years. In November 1981, McKane was elected mayor of the city of Lansing, assuming the duties of office on January 1, 1982.

Plaintiff retired pursuant to an early retirement program (ERP) one year before his third term of office was to expire. The ERP afforded enhanced benefits and was approved by the city council during McKane's term as mayor.

On January 1, 1974, Blair took office as a Lansing city council member. He served in that capacity until he was elected Lansing city clerk in 1990. Blair served as city clerk until January 5, 1993, when he retired pursuant to the ERP.

After McKane and Blair retired, defendant David C. Hollister became the elected mayor of the city of Lansing. During Hollister's term, the Lansing city attorney determined that the resolution that created the ERP was invalid as applied to elected officials. The city notified McKane and Blair that their enhanced retirement benefits attributable to the ERP would be terminated.

McKane and Blair filed separate federal lawsuits alleging that the termination of their early retirement benefits was improper under five separate theories: (1) deprivation of property without due process of law pursuant to 42 USC 1983; (2) deprivation of property without due process of law pursuant to state constitutional law; (3) breach of contract; (4) diminishment of retirement benefits in violation of Const 1963, art 9, § 24; and (5) promissory estoppel.

The federal district court issued written opinions in each case. The court concluded that the legislation that created the ERP was invalid and void ab initio because it was enacted by resolution rather than by ordinance in violation of the Lansing city charter. Thus, the court held that plaintiffs did not have a property interest that is subject to due process pro-

tection because the resolution creating the early retirement benefits was not passed in a manner consistent with state law. In sum, the court held that plaintiffs "cannot have a constitutionally protected right in benefits to which [they] are not entitled." The court granted summary judgment of the federal law claim, but declined to exercise jurisdiction over the state claims and dismissed the state claims without prejudice.

McKane appealed the federal district court decision to the federal circuit court. On September 18, 1996, McKane filed the present action in the Ingham Circuit Court raising the same causes of action as raised in the federal court action. The Ingham Circuit Court stayed the proceedings until a decision was rendered by the federal circuit court. On August 14, 1997, Blair filed the present action in the Ingham Circuit Court raising causes of action that had been raised in the federal district court action.

On January 14, 1998, the 6th Circuit Court of Appeals issued a decision in the McKane case. In reaching its conclusion, the court made a decision on each of McKane's causes of action that he alleged created a legitimate expectation of entitlement to enhanced retirement benefits.[1]

On December 2, 1998, the trial court granted summary disposition in the Blair case in favor of defendants on the ground that the federal court's finding that the ERP was invalid as an ultra vires act was res judicata and precluded recovery under the state claims. On February 10, 1999, the trial court granted

---

[1] These included (1) Resolution 201, (2) the personnel tie-bar provisions, (3) common law or implied contract, (4) the Michigan Constitution, (5) promissory estoppel, and (6) past custom and practice.

summary disposition in the McKane case in favor of defendants on the basis of res judicata.

The initial question here is whether plaintiffs' state claims, which were brought with the federal action, are precluded by the doctrine of res judicata. Michigan has adopted the broad application of the rule of res judicata. *Gose v Monroe Auto Equipment Co*, 409 Mich 147; 294 NW2d 165 (1980). Under this theory, claims that were actually litigated are barred from the second action, as well "as those claims arising out of the same transaction which plaintiff could have brought, but did not." *Id.* at 160. As a general rule, res judicata will apply to bar a subsequent relitigation based on the same transaction or events, regardless of whether the subsequent litigation is pursued in a federal or state forum. See *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999).

Here, in concluding that the ERP was void ab initio and that McKane did not have a property right entitled to due process protections, the 6th Circuit Court of Appeals rendered a decision on each of McKane's state law claims. These decisions by the federal court are binding with respect to McKane's state court claims. Therefore, res judicata bars further litigation of these claims.

In addition, the federal district court's ruling in the Blair case that the ERP was void ab initio as an ultra vires act is binding with respect to Blair's state law claims. Because each of Blair's issues in this case is premised on a finding that the federal court erred in

finding that the enactment of the ERP was *not* an ultra vires act, the arguments must fail.[2]

Affirmed.

.

---

[2] Plaintiffs' contention that defendants' affirmative defenses are barred by laches is misplaced. The doctrine of laches is available only as a defense to protect against a plaintiff who sits on his rights so long that the ability of the defendant to defend would be prejudiced. Further, the doctrine of judicial estoppel does not preclude the city's position that the ERP was invalid, because the prior lawsuit against the city involving the ERP was dismissed on the grounds of standing and laches. The court in that suit never reached a determination of the city's claim that the ERP was invalid.