# STATE OF MICHIGAN

# COURT OF APPEALS

CLIFTON P. MOFFAT,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS and ADAM
EDELMAN,

        Defendants-Appellees,

and

HARRIET SQUIER, KENT FILSINGER,
GEORGE OVER, and CORIZON HEALTH,
INC.,

        Defendants.

UNPUBLISHED
December 18, 2014

No. 317810
Court of Claims
LC No. 13-000025-MP

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Plaintiff appeals as of right from a grant of summary disposition to defendants. The trial court found that plaintiff's claims against the Michigan Department of Corrections (MDOC) were barred by operation of governmental immunity and res judicata and that plaintiff's claims against Corizon Health, Inc., and individual medical providers were barred based on res judicata, the failure to file a proper medical malpractice claim, and the failure to state a valid third-party beneficiary claim. We affirm.

Plaintiff's suffered a knee injury on September 24, 2007, during a sports activity while incarcerated. He injured an anterior cruciate ligament (ACL) graft from a previous surgery and had three meniscal tears. Since that time, plaintiff has unsuccessfully sought knee surgery and defendants have prescribed knee rehabilitation.

Plaintiff first argues that the trial court erroneously found that his claims were barred by res judicata. We review de novo a trial court's decision concerning a motion for summary disposition. *Kuznar v Raksha Corp*, 481 Mich 169; 750 NW2d 121 (2008). This Court also reviews de novo as a question of law a trial court's determination that res judicata prevented a subsequent suit. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d

-1-

755 (2007). The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action. *Id*. at 418. Federal res judicata doctrine provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *RDM Holdings*, *LTD v Continental Plastics Co*, 281 Mich App 678, 697; 762 NW2d 529 (2008) (citation and quotation marks omitted). "If a plaintiff has litigated a claim in federal court, the federal judgment precludes relitigation of the same claim in state court based on issues that were or could have been raised in the federal action, including any theories of liability based on state law." *Id*. at 689 (citations and quotation marks omitted). "The state courts must apply federal claim-preclusion law in determining the preclusive effect of a prior federal judgment." *Id*. (citations and quotation marks omitted).

In *Moffat v Mich Dep't of Corrections*, unpublished opinion of the United States Court for the Eastern District of Michigan, issued September 27, 2010 (Docket No. 09-14696), the court accepted the magistrate's report and recommendation to dismiss plaintiff's 42 USC 1983 claims averring that defendants demonstrated deliberate indifference to plaintiff's medical needs. The defendants included current defendants MDOC, Prison Health Services (now Corizon Health), Adam Edelman, and Harrier Squier. The court found that plaintiff could not demonstrate deliberate indifference to plaintiff's medical needs because defendants had made a medical decision to rehabilitate the knee injury without surgery rather than ignore the need for treatment. Further, the court found that plaintiff had exhausted his administrative remedies and that the MDOC and the State of Michigan were not proper parties to the suit because of immunity. The court also found that plaintiff did not demonstrate how a Correctional Medical Service or Prison Health Services policy caused deliberate indifference. In *Moffat v Mich Dep't of Corrections*, unpublished opinion of the United States Sixth Circuit Court of Appeals, issued October 12, 2011 (Docket No. 10-2351), the appellate court affirmed, finding that the denial of surgery was a course of treatment that plaintiff disagreed with but not a disregard of plaintiff's condition. In the present case, plaintiff made allegations in his complaint of patient abandonment, failure to diagnose, negligence, breach of fiduciary duty, medical battery, failure to supervise, breach of contract, and cruel and unusual punishment while incarcerated. Plaintiff averred that defendants failed to properly treat his left knee, averred malpractice by Squier, Edelman, and defendant George Over, and averred that Corizon Health and the MDOC were vicariously liable for failing to provide required medical care through contract providers. Also, plaintiff averred that Corizon Health and the MDOC breached a contract intended to benefit him by not caring properly for his knee injury.

Because plaintiff's claims of improper treatment of the knee injury against the MDOC, Corizon Health, Edelman, and Squier were decided on the merits and resolved in the federal case, it was proper to find that the instant suit against them was barred by operation of res judicata. *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). Additionally, the record demonstrated that defendants Over and Kent Filsinger were also medical treatment professionals involved in the care of plaintiff's knee injury while incarcerated. Thus, Over and Filsinger were in privity with the defendants named in the federal suit and res judicata also applies to claims against them.[1]

---

[1] "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the

Plaintiff does not argue that his claims would not meet the requirements of res judicata, only that his case presents an exception to res judicata under *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372; 596 NW2d 153 (1999). In *Pierson Sand & Gravel*, *id*. at 374-375, the Court held that res judicata did not bar the plaintiffs'[2] state claim, stating:

> [W]here the district court dismissed all plaintiff's federal claims in advance of trial, and there are no exceptional circumstances that would give the federal court grounds to retain supplemental jurisdiction over the state claim, then it is clear that the federal court would not have exercised its supplemental jurisdiction over the remaining state law claims.

In *Pierson Sand & Gravel*, *id*. at 376, the plaintiffs ultimately did not have any state claims pending because "[b]y the time plaintiffs filed the third amended complaint, they were asserting only [federal] claims, and had abandoned their prior state law claims." However, the Court based its decision on its finding that the plaintiffs could have included a state law claim and the federal court would have declined to exercise jurisdiction over the state claim after dismissing the federal claim before trial. *Id*. at 382-387.[3] Here, plaintiff does not adequately refer to distinct and separate "state" causes of action (cf. footnote 3, *infra*).[4] For this reason, we find *Pierson Sand & Gravel* sufficiently distinguishable. "As a general rule, res judicata will apply to bar a subsequent relitigation based on the same transaction or events, regardless of whether the subsequent litigation is pursued in a federal or state forum." *McKane v City of Lansing*, 244 Mich App 462, 466; 625 NW2d 796 (2001).

Plaintiff next argues that the statutes requiring notice of intent to file a claim against the state are unconstitutionally vague. MCL 600.6431(1)[5] provides that a notice of intent to file a

---

doctrine traditionally requires both a 'substantial identity of interests' and a 'working functional relationship' in which the interests of the nonparty are presented and protected by the party in the litigation." *Adair*, 470 Mich at 122 (citations omitted).

[2] *Pierson Sand & Gravel* uses the singular "plaintiff" and the plural "plaintiffs" in its opinion; for ease of reference we will use the plural form when referring to that opinion.

[3] During the pendency of the plaintiffs' federal claim, the Michigan Environmental Response Act (MERA), was amended to recognize a private cause of action that was in effect at the time the plaintiffs filed the third amended complaint; a MERA claim was the basis of the state claim at issue on appeal. *Pierson Sand & Gravel*, 460 Mich at 376.

[4] To the extent plaintiff may arguably do so, we have disposed of such claims in other sections of this opinion.

[5] MCL 600.6331 reads:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to

claim against the state must be filed in the Court of Claims within a year after the claim accrues. MCL 600.6431(3) provides that the notice must be filed within six months of the event causing damage in the case of for property damage or personal injuries. MCL 600.6452(1) provides that claims against the state are barred "unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 6440, within 3 years after the claim first accrues." Considered in its entirety, the intent of the different provisions in MCL 600.6431 "was to provide for two time periods—the shorter one established to require that a claimant give prompt notice of his intention to file a claim, and the longer to provide the claimant with the opportunity to make his claim specific, but within a relatively short time." *Anthonsen v State*, 4 Mich App 345, 351; 144 NW2d 807 (1966). MCL 600.6440 provides that claims against the state in the Court of Claims are barred where the plaintiff "has an adequate remedy upon his claim in the federal courts . . . ."

Plaintiff states that these statutes are unconstitutionally vague, leading the trial court to find that he did not file a notice of intent to sue within the year after his knee surgery was denied by defendants. We need not address whether a traditional "void for vagueness" analysis is appropriate when there is no impingement on First Amendment freedoms and the statutes do not proscribe any behavior, see *State Treasurer v Wilson*, 150 Mich App 78, 80-81; 388 NW2d 312 (1986), because we find no vagueness.

Plaintiff argues that when he filed his federal lawsuit on December 2, 2009, this should have provided notice to the state of his claims against it and delayed the notice requirements until his federal claims were resolved. However, the applicable statutes are clear. Plaintiff provides no authority dismissing the statutory requirements in the event of another suit filed in federal court. A statute is presumed to be constitutional unless its unconstitutionality is clearly apparent. *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999).

Plaintiff filed his notice of intent to file a claim against the state with the clerk of the Court of Claims on July 16, 2012. Plaintiff stated that he was injured on September 24, 2007, while playing handball at the Macomb Correctional Facility. Plaintiff has requested

have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

(2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

reconstructive surgery since 2007, and it was denied as early as September 2008 when a response on the bottom of a request for orthopedic consultation indicated that plaintiff did not meet the criteria for surgery because the knee injury was not debilitating. Plaintiff did not comply with the mandatory requirement set forth by the plain language of the statute to file a notice of intent to bring a claim within one year of his injury.

Next, plaintiff argues that the limitations period for filing his medical-malpractice claim should have been tolled through equity because of the behavior of defendants. Equitable tolling may be invoked when traditional equitable reasons compel such a result. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 204; 747 NW2d 811 (2008). Courts should reserve use of its equitable powers for unusual circumstances such as fraud or mutual mistake. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590; 702 NW2d 539 (2005). Equitable estoppel is a "judicially created exception to the general rule that statutes of limitation run without interruption." *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997). Equitable estoppel is a waiver that extends the period for filing a lawsuit by preventing a defense that the statute of limitations bars a suit. *Id*. Equitable estoppel functions to prevent results that are "contrary to good conscience and fair dealing." *Lothian v Detroit*, 414 Mich 160, 177; 324 NW2d 9 (1982) (citation omitted).

Plaintiff alleges that various defendants submitted false medical records and affidavits that did not properly describe his knee condition or his need for knee surgery. For equitable estoppel to apply, plaintiff had to establish that (1) defendants' acts or representations induced plaintiff to believe that the limitations period clause would not be enforced, (2) plaintiff justifiably relied on this belief, and (3) plaintiff was prejudiced as a result. *McDonald*, 480 Mich at 204-205.

Despite plaintiff's characterization of the opinions of his medical providers, he has not demonstrated how he relied on these representations or how they interfered with his pursuit of a legal remedy. To the contrary, the record demonstrates that plaintiff was persistent in asserting his legal rights through administrative and legal actions. Plaintiff has routinely challenged defendants' treatment of his knee injury since his request for surgery was denied, at least since September 2008. Further, defendant does not describe how he was deceived by reports from defendant. To the contrary, defendant was aware that the results of his August 22, 2008, MRI demonstrated that his injuries were a torn ACL ligament graft and three meniscal tears.

The estoppel exception developed by the courts is limited to cases involving an intentional or negligent deception. *Lothian*, 414 Mich at 177-178. Courts should be reluctant to apply equitable estoppel in the absence of intentional or negligent conduct designed to induce a plaintiff from timely bringing a claim; equity cannot overcome "an unambiguous and constitutionally valid statutory enactment." *Henry Ford Health System v Titan Ins Co*, 275 Mich App 643, 647 n 1; 741 NW2d 393 (2007) (citations and quotation marks omitted). It would be contrary to the separation of powers and impede legislative powers should a court, invoking equitable powers, set aside unambiguous statutes based on its view of fairness to a particular litigant. *Devillers*, 473 Mich at 591-592. Here, plaintiff did not meet the narrow requirements to toll the limitations period through equity.

Next, plaintiff challenges the trial court's grant of summary disposition on his medical malpractice claim based on the lack of a sufficient affidavit of merit. A plaintiff alleging medical malpractice must file with the complaint "an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness . . . ." MCL 600.2912d(1); *Lockwood v Mobile Medical Response, Inc*, 293 Mich App 17, 26-27; 809 NW2d 403 (2011). According to MCL 600.2912d(1) and MCL 600.2169(1)(a), a plaintiff must file an affidavit of merit signed by a physician who counsel reasonably believes specializes in the same specialty as the defendant physician, including a reasonable belief that the expert holds an identical board certification as the defendant physician, if the defendant physician is so certified. *Hoffman v Barrett (On Remand)*, 295 Mich App 649, 663; 816 NW2d 455 (2012) (citation and quotation marks omitted).

Here, plaintiff's affidavit of merit was signed by a physician assistant student who could not provide a standard of care for the physicians named in plaintiff's complaint. Further, there was no statement in the affidavit of merit that the expert was licensed, contravening MCL 600.2169(1).[6] Finally, plaintiff's affiant was required to have practiced for at least a year before the occurrence in the specialty that was the basis for the claim, or to have instructed students in the specialty. MCL 600.2169(1)(b) & (c). As a student at the time, plaintiff's expert could not be qualified to submit an affidavit of merit.

Failure to comply with statutory requirements of a medical malpractice claim renders the complaint insufficient to commence the action. *Furr v McLeod*, 304 Mich App 677, 684-685; 848 NW2d 465 (2014). A medical malpractice complaint filed without an affidavit of merit is ineffective and fails to toll the limitations period. *Lockwood*, 293 Mich App at 27.

Plaintiff argues that defendants did not comply with the requirements of a malpractice claim because a defendant must file an affidavit of meritorious defense according to MCL 600.2912e(1). *Lucas v Awaad*, 299 Mich App 345, 370-371; 830 NW2d 141 (2013). However, because plaintiff's complaint did not properly allege malpractice, defendants' noncompliance is inconsequential.

Next, plaintiff argues that he is an intended third-party beneficiary of the contract between the MDOC and Corizon Health to provide health services to prisoners. An entity is a third-party beneficiary of a contract only where the contract identifies "that a promisor has undertaken a promise directly to or for that person." *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 428; 670 NW2d 651 (2003); see also MCL 600.1405. The Legislature's use of the term "directly" was intended "to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Brunsell v City of Zeeland*, 467 Mich 293, 297; 651 NW2d 388 (2002). A class of persons can be a known direct beneficiary to a contract if the class of persons is reasonably identified; "[a]n objective standard is to be used to determine from the contract itself whether the promisor undertook to give or to do or to refrain from doing

---

[6] "In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state . . . ." MCL 600.2169(1).

something *directly* to or for the putative third-party beneficiary." *Id.* at 297-298 (emphasis in *Brunsell*; internal citation and quotation marks omitted).

A contract extension between MDOC and Corizon Health from the period February 10, 2009, through September 30, 2012, to provide statewide prisoner-health-care services contained a clause indicating that the contract would not give any rights to third parties. The contract language was not direct or specific in providing a benefit to prisoners, including plaintiff, and was not sufficient to overcome the presumption that the contract was intended to benefit only the parties that it binds. *Oja v Kin*, 229 Mich App 184, 192-194; 581 NW2d 739 (1998).

Next, plaintiff alleges numerous policy violations related to care for his knee injury, including inadequate nutrition, and maintains that they constitute cruel and unusual punishment. However, plaintiff does not adequately argue that the trial court's grant of immunity from suit for the MDOC was error. Thus, this claim against the MDOC was barred by immunity. Also, the federal court determined that plaintiff's conditions of confinement, including his medical needs, did not constitute deliberate indifference to a substantial risk of serious harm to plaintiff that violates the Eighth Amendment. US Const, Am VIII. Thus the issue is also precluded by the doctrine of res judicata.

Next, plaintiff argues that he should be deemed to have standing, that he should be provided an injunction to compel his knee surgery, and that he was entitled to appointed counsel. Preliminarily, there was no ruling that plaintiff lacked standing. As for injunctive relief, it is "an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 8-9; 753 NW2d 595 (2008) (citations and quotation marks omitted). Here, an injunction was not appropriate because plaintiff did not establish any claims to remedy. Finally, the statute on which plaintiff relies in arguing an entitlement to the appointment of counsel, MCL 600.5507(1), provides no right to counsel for prisoners. It restricts when representation paid by the state may be allowed but does not set up an entitlement.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter