*In re* LEACH.

1. ADOPTION—SETTING ASIDE—BEST INTERESTS OF CHILD—MENTAL COMPETENCY.

   Review of record in December, 1961, proceeding to set aside June, 1951, adoption order of girl then 8 years of age *held*, to support trial court's determination of December, 1962, that the best interests of the child will not be served by setting aside the adoption, the girl being presently in State hospital as an adjudicated mentally incompetent.

2. SAME—STATUTES.

   The adoption of children in this State is governed solely by statute (CL 1948 and CLS 1961, § 710.1 *et seq.*).

3. SAME—REVOCATION.

   There is no basis for revocation of an adoption except within a 3-month period immediately following the final order of adoption (CL 1948, § 701.19).

4. SAME—SETTING ASIDE—FRAUD.

   Trial court's order denying petition to set aside adoption on ground of fraud is affirmed, where parties had the child in their home during the entire year before adoption was finalized, giving them ample opportunity to withdraw from the adoption process, the fraud, if any, of the assistant probation officer being insufficient to cause the Supreme Court to overturn the adoption, and the Supreme Court is extremely reluctant to set aside adoption proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Adoption § 82.
[2] 2 Am Jur 2d, Adoption §§ 2, 3.
[3] 2 Am Jur 2d, Adoption § 76.
[4] 2 Am Jur 2d, Adoption § 78.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted April 7, 1964. (Calendar No. 1, Docket No. 50,250.) Decided June 1, 1964.

Petition of Francis E. Leach and Marion D. Leach to set aside adoption denied. Plaintiffs appeal. Affirmed.

*Marjorie Lee Luna,* for plaintiffs.

*George R. Corsiglia,* attorney for and guardian *ad litem* of Nancy Kay Leach.

KELLY, J. Francis E. Leach and Marion D. Leach, husband and wife, appeal from the trial court's order dismissing their petition to have the adoption of Nancy Kay (Gibson) Leach set aside.

March 29, 1950, the Leaches petitioned the probate court of Kalamazoo county to adopt Nancy Kay Gibson, then 7 years of age. Pursuant to this petition, the probate court on May 23, 1950, entered an order making Nancy the ward of the court for 1 year. June 1, 1951, after 2 favorable adoptive supervision reports by the assistant probation officer in charge, the adoption was made final by probate court order.

It appears that from the beginning Nancy tended to reject her adoptive parents in that she was not affectionate or obedient. She resented authority and on several occasions ran away from home. At the end of Nancy's junior year in high school her teachers recommended that she be taken to the Child Guidance Clinic for help, but Nancy refused to go, and informed the Leaches that she wished they had never adopted her.

Nancy completed high school and enrolled at Western Michigan University in the fall of 1960, but did not complete the first semester.

About this time Nancy suffered a nervous breakdown and was admitted to Borgess Hospital. From there she was transferred to Pine Rest Sanitarium at Cutlerville, where she remained until June, 1961.

Upon leaving the sanitarium, Nancy returned to the Leaches' home for a short period and then moved into her own apartment. She obtained work, but during the latter part of 1961 again became ill, and was committed to the Kalamazoo State Hospital. It was brought out on oral argument before this Court that Nancy is still a patient at Kalamazoo State Hospital and is presently adjudicated mentally incompetent.

In December, 1961, appellants filed their petition to set aside the adoption. They alleged that at the time of the adoption inquiry was made to the probate court caseworker, or probation officer, as to whether Nancy, or any of her family, had any history of mental illness and that they were informed that nothing of any consequence existed; that contrariwise the report of the adoptive supervisor of the probate court, dated May 28, 1951, showed that Nancy had trouble adjusting to the Leach home and that an antagonism which she had had toward her older sister had been transferred to the adopting parents; that the child had a lack of attachment toward the home, linked with hostile feelings toward authority, making adjustment very difficult.

Because such facts had been kept from the Leaches at the time of final adoption and because Nancy's mental condition has not improved, the appellants prayed that the adoption of June 1, 1951, be set aside for the best interests of all the parties.

A hearing was held in the Kalamazoo circuit court in January, 1962. In February, 1962, the trial court

handed down a decision in which he found that even though the testimony indicated that Nancy would prefer to have her relationship with the Leaches severed, there was no medical testimony indicating that such would be beneficial to Nancy.

Thereafter, appellants sought and were granted permission to take additional testimony from a psychiatrist, Dr. Beukema, and a general practitioner and surgeon, Dr. Peelen.

In a second opinion, handed down in December, 1962, the trial court, after considering the testimony that had been elicited from Drs. Beukema and Peelen, determined that the best interests of Nancy dictated that the adoption not be set aside.

From the lower court's order of December 31, 1962, denying their petition to set aside the adoption, appellants appeal, contending they are entitled to have the relief sought because:

(1) They inquired as to the background of the child and her adjustment in their home prior to the confirmation of the adoption; that there was misrepresentation by the court caseworker upon which they relied and active concealment of facts which they were entitled to know;

(2) The family relationship is an unhappy one for both the parents and the child; and

(3) Both the adoptive parents and the child desire to have the adoption set aside.

After reviewing the trial record, we are in agreement with the trial court's determination that the best interests of the child will not be served by setting aside this adoption. However, it is to the asserted fraud practiced against the adopting parents that we primarily address ourselves.

The adoption of children in this State is governed solely by statute (CL 1948 and CLS 1961, § 710.1 *et seq.* [Stat Ann 1962 Rev § 27.3178 (541)

*et seq.*])* and there is no basis for revocation of an adoption except within a 3-month period immediately following the final order of adoption (CL 1948, § 701.19 [Stat Ann 1962 Rev § 27.3178(19)]).

Appellants nevertheless contend that the power of equity includes the power to set aside an adoption where, as is alleged in this case, there was misrepresentation and active concealment of facts by the probate court caseworker at the time of adoption. The adoptive supervision report, upon which appellants rely to make out the alleged cause of fraud, can hardly be so construed. This report, which was filed on May 28, 1951, points out that the caseworker visited the Leach home on 2 occasions (during the 1-year period prior to adoption) and had extended interviews with the parties involved; that the "girl has had some trouble adjusting to the home, but at present the situation seems to be better than it has in the past."

The report then goes on to describe the difficulties the child had had with an older natural sister and that such resentment had been transferred to the Leaches, but that over a period of time the child had begun to loosen up in her relationship with the Leaches and had made considerable progress. The report concludes with a favorable recommendation for adoption.

If any fraud can be attached to such language, it is not sufficient to compel this Court to overturn the adoption, particularly when we consider the fact that the Leaches had the child in their home for an entire year before the adoption was finalized. This gave them ample opportunity to withdraw from the process of adopting the child if they believed it would be wise to do so.

---

* *In re Smith Estate,* 343 Mich 291 (51 ALR2d 847); *In re Draime,* 356 Mich 368.

This fact, coupled with the extreme reluctance of this Court to set aside adoption proceedings,* necessitates the affirmance of the circuit court order.

Affirmed. Costs to appellee.

DETHMERS, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with KELLY, J.

KAVANAGH, C. J., and BLACK, J., concurred in result.

---

* *In re Bell's Estate,* 310 Mich 394; *In re Allon,* 356 Mich 586.