KNOX *v.* REID.

1. ADOPTION—PROBATE COURT—SPOUSE OF ADOPTING PARENT.
   A 1917 probate court order of adoption was not invalid because the husband of the adopting parent failed to join in the petition for adoption as required by the statute then in force (CL 1915, § 14140).

2. SAME—CONSENT OF SPOUSE.
   A 1917 adoption by a married woman may not be absolutely void although the consent of her husband as then required by statute was not obtained (CL 1915, § 14140).

3. SAME—LACK OF SPOUSE'S CONSENT—PROBATE COURT.
   Probate court had jurisdiction of 1917 adoption proceedings notwithstanding the nonjoinder of spouse of petitioner adopting parent and lack of consent of such spouse (CL 1915, § 14140).

4. SAME—LACK OF CONSENT OF SPOUSE OF ADOPTING PARENT.
   Lack of consent by spouse of adopting parent, in an adoption proceeding, could only be attacked by the spouse who failed to give consent.

5. SAME—LACK OF SPOUSE'S CONSENT—FRAUD.
   Only two persons could claim to be defrauded by adoption decree which lacked the consent by the spouse of the adoptive parent, the husband of the adoptive parent and the adopted child.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 2 Am Jur 2d, Adoption §§ 41, 48, 54, 68–72.
[5] 2 Am Jur 2d, Adoption § 72.
[6] 2 Am Jur 2d, Adoption § 76.
   Annulment or vacation of adoption decree by adopting parent or natural parent consenting to adoption. 2 ALR2d 887.
[7] 2 Am Jur 2d, Adoption § 71.

6. SAME—COURT.

A court is extremely reluctant to set aside adoptions.

7. SAME—PROBATE COURT—20-YEAR PRESUMPTION.

.Everything necessary to have been done or proved to render the order of adoption by a probate court valid, and which might have been proved by parol at the time of making the order, and was not required to be recorded, shall, after 20 years from such time, be presumed to have been done or proved, unless the contrary appears on the same record (CL 1948, § 701.23).

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 February 9, 1967, at Lansing. (Docket No. 2,257.) Decided November 24, 1967. Leave to appeal granted February 13, 1968. See 380 Mich 756.

Bill by Sally Hayden, guardian of Franklin Knox, against Robert Lawrence Reid and others to declare 1917 probate court order of adoption invalid. Judgment for defendants. Plaintiff appeals. Affirmed.

*James Thomas Sloan, Jr.,* and *Jerry J. O'Connor,* for plaintiff.

*Warner, Norcross & Judd* (*Conrad A. Bradshaw* and *Thomas J. McNamara,* of counsel), for defendants.

J. H. GILLIS, J. Sally Hayden, as guardian of Franklin Knox, appeals a decision of. the Kent county circuit court which denied her claim that a 1917 probate court order of adoption, involving her ward, was invalid.

Appellant's ward, Franklin Knox, who is now and has been since infancy a mental incompetent, was born in 1909 as the issue of Edith Knox Mallette and Jay Elmer Mallette. Franklin's mother died shortly after his birth and in 1911 he was adopted by his aunt and uncle, W. Frank Knox

and Annie Reid Knox.[1] The validity of this proceeding is not questioned.

Not long afterwards, his adoptive parents placed Franklin in the home of his maternal grandparents, William E. and Sarah C. Knox.

In 1917 Franklin's adoptive parents, joined by his maternal grandmother, Sarah C. Knox, instituted probate court proceedings whereby the then adoptive parents relinquished their parental rights and Sarah C. Knox adopted Franklin. Sarah's husband took no part in these proceedings and this constitutes the basis of the issue involved here on appeal.

Sarah died the following year and Franklin continued to reside with his grandfather until 1933 when the grandfather died. Franklin's aunt, Elizabeth Knox, then took over the care of Franklin. In 1945 Elizabeth was appointed guardian of Franklin by the Kent county probate court. In 1944 W. Frank Knox died and his wife Annie died in 1958; both left substantial estates. When Elizabeth Knox died she was succeeded as guardian by her sister. Sally Hayden (Franklin's cousin) was appointed by the court as the third guardian of Franklin in 1960.

In 1964 Sally Hayden sought an order from the Kent county circuit court declaring the 1917 adoption order void on the basis that William E. Knox, husband of Sarah, failed to join in her petition for adoption of Franklin as required by the statute then in force.[2]

---

[1] At the time of the 1911 adoption proceedings Franklin's name was changed to Franklin Mallette Knox.

[2] "Said person or persons first above described, together with his or her wife or husband, if any there be, and the person or persons, officer or agent required by the preceding section to consent thereto, shall make under their hands and seals, an instrument in writing, whereby they shall declare that such child, naming him or her by the name he or she has usually borne, is adopted as the child of the person or persons first above referred to, and that he, she or

The trial court ruled that the 1917 adoption of Franklin by Sarah C. Knox was a valid adoption for the reason, *inter alia,* that pursuant to the provision quoted in footnote 2, *supra,* a married person may enter into a valid adoption proceeding and although the consent of the other spouse is required, the absence of such consent does not make the adoption proceeding absolutely void. The trial court in a well-reasoned opinion pointed out that the probate court had jurisdiction of the proceedings notwithstanding the lack of consent by the spouse of the adopting parent. This particular defect could only be attacked by the spouse who failed to give his or her consent.[3] However, as the trial judge ably pointed out, the record here established that William E. Knox recognized or acknowledged the validity of the adoption proceedings by his actions.

Counsel for plaintiff suggested that the decree should be set aside for fraud, and paraphrasing the trial judge's opinion, we ask who was defrauded? Only two persons could possibly so claim: one was the husband of Sarah Knox, who never claimed that he was defrauded during the 16 years that he lived following the adoption proceedings, and the other was the adopted child Franklin. Appellant fails to point out any particular in which he was defrauded. He, acting first alone and then through a guardian, accepted all the benefits of the adoption by Sarah Knox. He lived with her during her lifetime and has lived in the family home since that time. He received a

they intend to make such child his, her of [or] their heir, and shall state the full name they desire such child shall bear." CL 1915, § 14140; CL 1929, § 15953 (Stat Ann § 29.3152). The word *or* in brackets appears in the original bill (SB 138 of 1915), as passed by the legislature. The enrolled act (SE No 145), signed by the governor used the word *of*.

3 See *Slattery* v. *Hartford-Connecticut Trust Co.* (1931), 254 Mich 671; *In re Miner Estate* (1960), 359 Mich 579.

gift under her will as her adopted child. He was taken care of by Elizabeth Knox Cassada and received a bequest from her as "my adopted brother." In *In re Leach* (1964), 373 Mich 148, an attempt to set aside an adoption for fraud was unsuccessful, the Court relying, in part, on its "extreme reluctance" to set aside adoptions. This same policy is expressed in CL 1948, § 701.23 (Stat Ann 1962 Rev § 27.3178[23]), which provides:

"When the validity of any order or decree of a probate court shall be drawn in question in any other suit or proceeding, everything necessary to have been done or proved to render the order or decree valid, and which might have been proved by parol at the time of making the order or decree, and was not required to be recorded, shall, after 20 years from such time, be presumed to have been done or proved, unless the contrary appears on the same record."

The 1917 order confirming adoption does not affirmatively indicate on its face any basis for asserting the order's invalidity. Forty-seven years passed before a claim of invalidity was made. The extrinsic proofs offered by appellant cannot now affect the 1917 order. We therefore affirm the decision of the circuit court. Costs to appellees.

HOLBROOK, P. J., and FITZGERALD, J., concurred.