IN THE MATTER OF SHONDA, MICHAEL, AND JAMES MYERS

Docket No. 65565. Submitted October 5, 1983, at Detroit.—Decided December 19, 1983.

On February 18, 1982, Samuel Myers voluntarily executed a release terminating his parental rights in his three minor children, Shonda, Michael, and James Myers. The release was signed at a hearing in the presence of a Wayne County Probate Judge. On March 12, 1982, Mr. Myers filed a petition in the Wayne Probate Court for a hearing to revoke the release. The probate court, Thomas A. Maher, J., noting that the petition was filed 22 days after the execution of the release and that the Department of Social Services, the child placing agency in this case, refused to join or acquiesce in the petition, dismissed the petition for lack of jurisdiction pursuant to the Michigan Adoption Code. Mr. Myers appeals alleging that the pertinent code provisions violate his constitutional right to due process. *Held:*

1. The release and revocation provisions of the Michigan Adoption Code do not violate the Due Process Clause of the Fourteenth Amendment.

2. A primary and permissible legislative purpose of the Michigan Adoption Code is to preserve the finality of decisions to release children for adoption. The 20-day limitation on the right of a parent acting without support of the child placing

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 7, 8] 2 Am Jur 2d, Adoption §§ 46, 77, 78.

59 Am Jur 2d, Parent and Child §§ 1, 5, 10.

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

Right of natural parent to withdraw valid consent to adoption of child. 74 ALR3d 421.

Sufficiency of parent's consent to adoption of child. 24 ALR2d 1127.

Annulment or vacation of adoption decree by adopting parent or natural parent consenting to adoption. 2 ALR2d 887.

[2, 3] 20 Am Jur 2d, Courts § 104.

[4] 59 Am Jur 2d, Parent and Child § 10.

[6] 16A Am Jur 2d, Constitutional Law §§ 816, 822.

[7] 2 Am Jur 2d, Adoption § 3.

agency to attempt to revoke a previously executed release bears a reasonable relation to this purpose.

3. Ample opportunity for a parent to be heard on the voluntary termination of his or her parental rights is provided under § 29(5) of the Michigan Adoption Code.

Affirmed.

1. CONSTITUTIONAL LAW — PARENT AND CHILD — MICHIGAN ADOPTION CODE — RELEASE OF PARENTAL RIGHTS — DUE PROCESS.

The provisions of the Michigan Adoption Code regarding the release of parental rights and the revocation of such a release do not violate the Due Process Clause of the Fourteenth Amendment (US Const, Am XIV; MCL 710.21 et seq.; MSA 27.3178[555.21] et seq.).

2. COURTS — PROBATE COURTS — PARENT AND CHILD — RELEASE OF PARENTAL RIGHTS — REVOCATION OF RELEASE.

A probate court has discretion to grant a petitioner's request for a hearing to set aside a release of parental rights and the discretion to set aside a release of parental rights if the petitioner seeks to revoke the release within 20 days after voluntarily executing the release (MCL 710.64[1]; MSA 27.3178[555.64][1]).

3. COURTS — PROBATE COURTS — PARENT AND CHILD — RELEASE OF PARENTAL RIGHTS — REVOCATION OF RELEASE.

A probate court is without jurisdiction to consider a petition for a hearing to revoke a release of parental rights where the petitioner waits more than 20 days after he executes such a release before making such a request unless the child placing agency joins or acquiesces in the petition; where this condition is met, the decision to grant a hearing and the decision to grant revocation are matters left to the sound discretion of the probate court, although once the child has been placed for adoption the petition may not be entertained (MCL 710.29[9]; MSA 27.3178[555.29][9]).

4. CONSTITUTIONAL LAW — FUNDAMENTAL LIBERTIES — FOURTEENTH AMENDMENT — PARENTAL RIGHTS.

Among the fundamental liberty interests protected by the Fourteenth Amendment are those regarding parental rights (US Const, Am XIV).

5. CONSTITUTIONAL LAW — PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DUE PROCESS — TRIAL.

The Fourteenth Amendment's Due Process Clause guarantees the

opportunity to be heard in matters concerning the termination
of parental rights, however, there is no due process right to a
rehearing or to appellate review (US Const, Am XIV).

6. CONSTITUTIONAL LAW — DUE PROCESS — LEGISLATIVE ACTS.
The test to determine whether a statutory scheme will be upheld
against a due process challenge is whether the legislation bears
a reasonable relation to a permissible legislative object.

7. PARENT AND CHILD — MICHIGAN ADOPTION CODE — LEGISLATIVE
PURPOSE — RELEASE OF PARENTAL RIGHTS.
A primary and permissible legislative purpose of the Michigan
Adoption Code is to preserve the finality of decisions to release
children for adoption; a 20-day limitation on the right of a
parent acting without support of the child placing agency to
attempt to revoke the parent's previously executed release of
parental rights bears a reasonable relation to this purpose
(MCL 710.29[9]; MSA 27.3178[555.29][9]).

8. PARENT AND CHILD — MICHIGAN ADOPTION CODE — RELEASE OF
PARENTAL RIGHTS.
The Michigan Adoption Code provides ample opportunity for a
parent to be heard on the voluntary termination of his parental
rights (MCL 710.29[5]; MSA 27.3178[555.29][5]).

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Mark J. Cavanagh,* Assistant Prosecuting Attorney, for appellee.

*Wish & Sternberg, P.C.* (by *Steven M. Gilbert* and *Stuart D. Wish),* for Samuel Myers.

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

M. J. KELLY, P.J. Appellant is the natural father of Shonda, Michael, and James Myers, three minor children. Appellant appeals as of right from an order of the Wayne County Probate Court denying his petition for a hearing to revoke a release by which he had voluntarily terminated his parental rights. Appellant argues that the provisions of the

Michigan Adoption Code, MCL 710.21 *et seq.;* MSA 27.3178(555.21) *et seq.,* governing his right to revoke the release violate his constitutional right to due process by denying him access to the courts for a determination of his parental rights. We affirm.

Sections 29(9) and 64(1) of the Adoption Code govern the revocation of voluntary releases of parental rights. MCL 710.29(9); MSA 27.3178(555.29)(9) provides:

"Upon petition of the same person or persons who executed the release and of the department or child placing agency to which the child was released, the court with which the release was filed may grant a hearing to consider whether the release should be revoked. A release may not be revoked if the child has been placed for adoption unless the child is placed pursuant to section 41(2) of this chapter and a petition for rehearing or claim of appeal is filed within the time required. A verbatim record of testimony related to a petition to revoke a release shall be made."

MCL 710.64(1); MSA 27.3178(555.64)(1) provides:

"Upon the filing of a petition in probate court within 20 days after entry of any order under this chapter, and after due notice to all interested parties, the judge of probate may grant a rehearing and may modify or set aside the order."

These seemingly conflicting provisions of the Adoption Code have been harmonized by this Court as follows. Under § 64(1), a petitioner has 20 days after voluntarily executing a release to petition the court for a hearing to revoke that release. *In the Matter of Michael Brent Hole,* 102 Mich App 286, 291; 301 NW2d 507 (1980); *In the Matter of Baby Girl Fletcher,* 76 Mich App 219, 220-221,

223; 256 NW2d 444 (1977). Whether to grant the petitioner's request for a hearing and whether to grant the relief sought are matters left to the sound discretion of the probate court. *In the Matter of Michael Brent Hole,* 102 Mich App 290, fn 1. Where the petitioner waits more than 20 days after the execution of a release, the probate court is without jurisdiction to consider a request for a hearing to revoke unless the child placing agency joins or acquiesces in the petition. *In the Matter of Michael Brent Hole,* 102 Mich App 291-292; *In the Matter of Baby Girl Fletcher,* 76 Mich App 220-222. Where this condition is met, the decision to grant a hearing and the decision to grant revocation are resurrected for the exercise of discretion of the probate court, though once the child has been placed for adoption the petition may not be entertained. *In the Matter of Michael Brent Hole,* 102 Mich App 290, fn 1.

In this case, appellant voluntarily executed a release of parental rights on February 18, 1982. MCL 710.28; MSA 27.3178(555.28). Pursuant to MCL 710.29; MSA 27.3178(555.29), the release was signed at a hearing in the presence of a Wayne County probate judge. Appellant and his attorney stated on the record that they had thoroughly discussed the matter and that appellant's decision was freely and knowingly made. The judge apprised appellant of the gravity and finality of his decision and inquired further about appellant's understanding of the consequences of his action. There is no reason to believe that appellant did not understand the effect of his signature on the parental rights release form. We further note that involuntary termination proceedings had been initiated against appellant two years earlier under the Michigan juvenile code, MCL 712A.1 *et seq.;*

MSA 27.3178(598.1) *et seq.* Appellant was thus provided ample opportunity to familiarize himself with the full spectrum of rights available to him as a parent.

On March 12, 1982, appellant filed his petition for a hearing to revoke the release. This was 22 days after the execution of the release and inasmuch as the Department of Social Services, the child placing agency in this case, refused to join or acquiesce in the petition, the probate court dismissed appellant's petition for lack of jurisdiction under MCL 710.29(9); MSA 27.3178(555.29)(9). Appellant does not dispute the probate court's application of § 29(9) but contends that the provision is unconstitutional.

We recognize that parental rights constitute a fundamental "liberty" interest protected by the Fourteenth Amendment of the United States Constitution. *Reist v Bay Circuit Judge,* 396 Mich 326, 341-342; 241 NW2d 55 (1976). However, while the Due Process Clause of the Fourteenth Amendment does guarantee an opportunity to be heard, there is no due process right to a rehearing or even to appellate review. *In re Kasuba Estate,* 401 Mich 560, 566; 258 NW2d 731 (1977), *reh den* 402 Mich 954 (1977). The traditional test for determining whether a statutory scheme will be upheld against a due process challenge is whether the legislation bears a reasonable relation to a permissible legislative object. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 540-541; 273 NW2d 829 (1979), *reh den* 406 Mich 1103 (1979); *West v Rollhaven Skating Arena,* 105 Mich App 100, 103; 306 NW2d 408 (1981).

We find that the release and revocation provisions of the Michigan Adoption Code do not violate the Due Process Clause of the Fourteenth Amend-

ment. A primary and permissible legislative purpose of the code is to preserve the finality of decisions to release children for adoption. *In the Matter of Kenneth Jackson, Jr,* 115 Mich App 40, 53; 320 NW2d 285 (1982); *DeBoer v Child & Family Services of Michigan, Inc,* 76 Mich App 641, 649; 257 NW2d 200 (1977). A 20-day limitation on the right of a parent acting without support of the child placing agency to attempt to revoke a previously executed release bears a reasonable relation to this purpose. Ample opportunity for a parent to be heard on the voluntary termination of his or her parental rights is provided under MCL 710.29(5); MSA 27.3178(555.29)(5).

Affirmed.