## *In re* NEAGOS

Docket No. 109964. Submitted January 12, 1989, at Detroit. Decided April 4, 1989.

Christine Marie and Jennifer Rae Neagos, minors, were adopted by respondents, Emaniol and Cynthia Neagos, with the consent of their natural mother, petitioner, Cheryl Welch, also known as Cheryl Becin, in October, 1983. In October, 1987, Cheryl Welch petitioned in the Macomb County Probate Court, Juvenile Division, to set aside the adoption or, in the alternative, to enforce visitation. The probate court, Robert E. Spier, J., following a hearing, held that it did not have jurisdiction to reopen the case. The court further held that, even if it did have jurisdiction, there were insufficient grounds to grant a rehearing. Petitioner appealed.

The Court of Appeals *held:*

1. The probate court properly determined that it lacked jurisdiction to set aside the adoption.

2. Although the probate court reached the right result, the court erred in relying on MCR 2.612 in reaching the conclusion that it lacked jurisdiction. MCR 5.755 should have controlled the court's decision. Under that rule, MCL 710.64(1); MSA 27.3178(555.64)(1) is dispositive when a party wishes to set aside a consent adoption.

3. There was an inadequate showing of fraud to justify reopening the matter on equitable grounds. The fraud which justifies equitable interference with a probate order must be fraud in obtaining the order and not merely constructive, but positive, fraud. Petitioner's alleged psychological stress and lack of legal awareness at the time she gave her consent to adoption are not allegations of positive fraud perpetrated upon

REFERENCES

Am Jur 2d, Adoption §§ 43, 44, 46, 47, 76 *et seq.*; Limitation of Actions §§ 186-190.

Time of existence of mental incompetency which will prevent or suspend running of statute of limitations. 41 ALR2d 726.

Sufficiency of parent's consent to adoption of child. 24 ALR2d 1127.

Annullment or vacation of adoption decree by adopting parent or natural parent consenting to adoption. 2 ALR2d 887.

herself or the court, but a collateral attack on the 1983 proceedings. The facts negate petitioner's claim of fraud regarding possible side agreements regarding visitation.

4. The probate court properly ruled that petitioner did not allege any legal incapacity.

Affirmed.

Murphy, P.J. concurred in the result only.

1. Adoption — Rehearings.

A judge of probate may grant a rehearing and may modify or set aside an adoption order upon the filing of a petition in the probate court within twenty days after entry of the order; this rule applies to adoptions by release and adoptions by consent (MCL 710.64[1]; MSA 27.3178[555.64][1]; MCR 5.755).

2. Adoption — Withdrawal of Consent.

A consent to an adoption shall not be withdrawn upon entry of an order terminating the parents' rights (MCL 710.51[3]; MSA 27.3178[555.51][3]).

3. Adoption — Fraud — Equity.

The power of equity includes the power to set aside an adoption where fraud at the time of adoption is shown, despite the lack of a statutory basis for revocation of an adoption; the fraud must be fraud in obtaining the order and not merely constructive, but positive, fraud; a significant fraud must be made out.

4. Limitation of Actions — Insanity — Disability.

A person who asserts insanity as a disability has one year after the disability is removed to initiate a proceeding even if the period of limitation has run; the disability, however, must have been in existence at the time the claim occurred (MCL 600.5851; MSA 27A.5851).

*Ronald B. Burda,* for petitioner.

*John J. Simon,* for respondents.

Before: Murphy, P.J., and MacKenzie and Reilly, JJ.

Per Curiam. Christine Marie and Jennifer Rae Neagos were legally adopted by respondents in October, 1983. In October, 1987, petitioner, the biological mother of Christine and Jennifer and

the sister of respondent Cynthia Neagos, petitioned the probate court to set aside the adoption or, in the alternative, to enforce visitation. The probate court held a hearing on June 10, 1988, to determine whether or not it had jurisdiction to schedule a rehearing regarding the petition. After hearing arguments from both sides, the probate court held it did not have jurisdiction to reopen the case. The court further held that, even if it did have jurisdiction, there were insufficient grounds to grant a rehearing. Petitioner appeals this order as of right. We affirm.

Petitioner consented to the adoption in August, 1983, pursuant to MCL 710.43; MSA 27.3178(555.43). She now claims the existence of fraud in the adoption process because (1) respondents broke their promise to allow visitation with the children, (2) petitioner's psychological condition was unsound due to stress at the time she consented to the adoption, and (3) petitioner was not fully informed of her legal rights at the consent hearing.

The Michigan Adoption Code, MCL 710.21 *et seq.*; MSA 27.3178(555.21) *et seq.*, provides for two basic methods by which biological parents may agree to put their children up for adoption. The child may be "released" to a child placement agency or the Department of Social Services under § 28 and related sections, or the parents may, as in this case, "consent" to an adoption by certain parties under § 43. Consent and release, although distinct, are similar in nature and purpose. See *In re Nord,* 149 Mich App 817, 821; 386 NW2d 694 (1986). See also MCL 710.22(g) and (k); MSA 27.3178(555.22)(g) and (k). Indeed, the Adoption Code consistently treats adoptions upon consent and upon release analogously. See, e.g., MCL 710.24a(1)(c)(iv) and (v); MSA

27.3178(555.24a)(1)(c)(iv) and (v); MCL 710.31; MSA 27.3178(555.31); MCL 710.34; MSA 27.3178(555.34); MCL 710.36; MSA 27.3178(555.36).

Petitioner seeks to set aside the probate court's 1983 order of adoption. MCL 710.64(1); MSA 27.3178(555.64)(1) governs petitions for rehearings to set aside an order entered pursuant to the Adoption Code. It provides:

> Upon the filing of a petition in probate court within 20 days after entry of any order under this chapter, and after due notice to all interested parties, the judge of probate may grant a rehearing and may modify or set aside the order.

Our research has revealed no Michigan cases discussing whether under MCL 710.64(1); MSA 27.3178(555.64)(1) a probate court has jurisdiction to set aside a consent adoption several years after the adoption order was entered. Because of the similarity between adoptions by release and consent, we look to cases discussing probate court jurisdiction to set aside release adoptions to resolve the issue. Compare *Nord, supra.*

In *In re Myers,* 131 Mich App 160; 345 NW2d 663 (1983), the appellant filed a petition to revoke a release of parental rights executed twenty-two days earlier. The child placement agency to which the child was released refused to join or acquiesce in the petition. This Court concluded that the probate court was without jurisdiction to consider the appellant's petition. The relevant law was summarized as follows:

> Under § 64(1), a petitioner has 20 days after voluntarily executing a release to petition the court for a hearing to revoke that release. *In re Hole,* 102 Mich App 286, 291; 301 NW2d 507 (1980); *In re Fletcher,* 76 Mich App 219, 220-221,

223; 256 NW2d 444 (1977). Whether to grant the petitioner's request for a hearing and whether to grant the relief sought are matters left to the sound discretion of the probate court. *In re Hole,* 102 Mich App 290, n 1. Where the petitioner waits more than 20 days after the execution of a release, the probate court is without jurisdiction to consider a request for a hearing to revoke unless the child placing agency joins or acquiesces in the petition. *In re Hole,* 102 Mich App 291-292; *In re Fletcher,* 76 Mich App 220-222. Where this condition is met, the decision to grant a hearing and the decision to grant revocation are resurrected for the exercise of discretion of the probate court, though once the child has been placed for adoption the petition may not be entertained. *In re Hole,* 102 Mich App 290, n 1. [131 Mich App 163-164.]

Thus, under *Myers,* the probate court lacks jurisdiction to entertain a petition to set aside a release for adoption where (1) more than twenty days have passed since its execution and the child placing agency refuses to join in the petition, or (2) more than twenty days have passed since execution and the child placing agency agrees to join in the petition but the child has been placed for adoption. In regard to the second situation, we note that, for purposes of consent adoptions, the Adoption Code similarly provides that a consent to adoption shall not be withdrawn upon entry of an order terminating the parents' rights. See MCL 710.51(3); MSA 27.3178(555.51)(3).

In the instant case, four years passed between the time respondents adopted the children and the time the petition to set aside was filed. The adoptive parents vigorously opposed the petition. Thus, under either of the two *Myers* situations, the probate court in this case lacked jurisdiction to consider the petition to set aside the adoption. Petitioner's reliance on *In re Nord, supra,* in this

regard is misplaced since that case did not raise a jurisdictional question.

Although the probate court reached the right result in concluding that it lacked jurisdiction to entertain petitioner's motion to set aside the adoption order, in our opinion the court erred in relying on MCR 2.612, governing relief from judgment or order, in reaching that conclusion. At the time this case was heard, procedure in probate court was governed by the rules applicable in other civil proceedings (such as MCR 2.612), except as modified by the rules governing probate court procedure. See MCR 5.001(A). MCR 5.755, which governed rehearings under MCL 710.64(1); MSA 27.3178(555.64)(1), the statute we have concluded to be dispositive when a party wishes to set aside a consent adoption, provided such a modification. Therefore, MCR 5.755, and not MCR 2.612, should have controlled the probate court's decision in this case. Similarly, under the new Michigan Court Rules governing practice and procedure in the juvenile division of the probate court, effective January 1, 1988, the Michigan Court Rules applicable in other civil proceedings (including MCR 2.612) apply in the juvenile division of the probate court only when specifically provided. See MCR 5.901(A). The rule governing rehearings in the juvenile division of the probate court, MCR 5.992, makes no such provision.

We recognize that there is authority for the proposition that the power of equity includes the power to set aside an adoption where fraud at the time of adoption is shown, despite the lack of a statutory basis for revocation of an adoption. See *In re Leach,* 373 Mich 148; 128 NW2d 475 (1964). See also *In re Kozak,* 92 Mich App 579; 285 NW2d 378 (1979). In this case, however, we must agree with the probate court that there was an inade-

quate showing of fraud to justify reopening the matter on equitable grounds. The fraud which justifies equitable interference with a probate order must be fraud in obtaining the order and not merely constructive, but positive, fraud. *In re Kozak, supra,* p 583. Because Michigan courts are extremely reluctant to set aside adoptions, a case of significant fraud must be made out. *Leach, supra.* Here, petitioner's psychological stress and legal awareness at the time she gave her consent to adoption are not allegations of positive fraud perpetrated upon herself or the court, but a collateral attack on the 1983 proceedings. Nor does petitioner's allegation that respondents broke their promise to allow visitation with the children amount to a positive fraud in the adoption process. At the time she gave her consent, petitioner was informed that respondents, from a legal standpoint, would be the children's parents and she agreed to relinquish all rights to the children. This negates petitioner's claim of fraud regarding possible "side agreements." See *In re Nord, supra.*

Petitioner's claim of mental disability, which allegedly precluded her from timely asserting her claim, must likewise fail. MCL 600.5851; MSA 27A.5851 provides that a person who asserts insanity as a disability has one year after the disability is removed to initiate a proceeding even if the period of limitation has run. However, the disability must have been in existence at the time the claim occurred. Petitioner has not alleged insanity or incompetence at the time she signed the consent order, but rather an "unsound psychological condition as a result of stress." The probate court properly ruled that petitioner did not allege any legal incapacity.

Since the probate court properly found it lacked jurisdiction to hear petitioner's motion for rehear-

ing, we do not address the remaining issues raised on appeal. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672; 423 NW2d 311 (1988).

Affirmed.

MURPHY, P.J. concurs in the result only.