*In re* KING

Docket No. 120467. Submitted May 15, 1990, at Marquette. Decided
    June 14, 1990.

The Department of Social Services and the Delta County Prose-
    cuting Attorney brought an action in the Delta County Probate
    Court for termination of the parental rights of Tammy Lana-
    ville and Michael King with respect to their two minor chil-
    dren. Following the requisite hearings, the court, Robert E.
    Goebel, Jr., J., terminated the parental rights of the respon-
    dents. Tammy Lanaville appealed.

The Court of Appeals *held:*

1. The probate court did not err in conducting the termina-
    tion hearing more than sixty-three days after the filing of the
    petition for termination of parental rights. The court rules
    permit extensions of time for good cause, and the respondents'
    consent to the extension constituted good cause. Furthermore,
    the respondents suffered no prejudice because of the delay.

2. There was sufficient evidence of neglect to terminate the
    respondents' parental rights.

3. The probate court did not err in considering evidence of
    neglect which occurred before the termination petitions were
    filed. The court may consider all relevant and material evi-
    dence at a termination hearing.

4. The probate court did not abuse its discretion in excusing
    the guardian ad litem from the termination proceedings.

5. The probate court, at the dispositional phase of the hear-
    ing, properly considered all exhibits and testimony elicited at
    prior dispositional hearings, including those exhibits that had
    not been formally received into evidence at an earlier proceed-
    ing.

6. The probate court did not abuse its discretion in denying
    the respondents' motion for a continuance of a dispositional
    hearing. Although Tammy Lanaville was unable to attend

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren §§ 24, 46, 52; Parent and Child §§ 34, 35.
See the Index to Annotations under Custody and Support of Chil-
    dren; Termination of Parental Rights.

because of legitimate medical problems, her attorney was present and the court was fully apprised of her position regarding the termination of her parental rights. Furthermore, she was present at the later and more important hearings during the dispositional phase of the matter.

7. The plea admitting the allegations in the petitions was entered voluntarily, and the plea agreement was not illusory. The argument that the court erred in accepting the plea because it was not knowingly, understandingly, and voluntarily made must be rejected.

8. The probate court did not err in authorizing a petition for termination which was executed by the prosecuting attorney as the petitioner. The petition was properly brought by the prosecuting attorney.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — SUPPLEMENTAL PETITIONS — HEARINGS.

A probate court in a proceeding to terminate parental rights may extend beyond sixty-three days the time period within which a hearing on a supplemental petition must be held where the extension is granted at the request and with the express consent of the respondents (MCR 5.974[F][1][b]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE.

A probate court may consider all relevant and material evidence at a dispositional hearing on a petition to terminate parental rights, including evidence of neglect which occurred before the original neglect petitions were filed (MCR 5.973[A][4]).

*Thomas L. Smithson,* Prosecuting Attorney, and *Jayne E. Mackowiak,* Assistant Prosecuting Attorney, for Delta County Department of Social Services.

*Peterson, Beauchamp, DeGrand, Reardon & Hall, P.C.* (by *John T. Reardon*), for Tammy Lanaville.

*Davis, Olsen, Filoramo, Jarvi & Plackowski, P.C.* (by *Anne B. McNamara,* Guardian ad Litem for Joshua and Aaron King.

Before: Cynar, P.J., and Weaver and Griffin,
JJ.

Per Curiam. Respondent, Tammy Lanaville, ap-
peals as of right from a lower court order termi-
nating her parental rights with respect to her two
minor children, Aaron and Joshua. Respondent
Michael King is not interested in this appeal. We
affirm.

I

The trial court granted the supplemental peti-
tions of the Department of Social Services and
prosecuting attorney's office and terminated re-
spondent's parental rights with respect to the two
minor children. The petitions alleged that respon-
dent and her husband had failed to follow up on
DSS support appointment made for the children,
resulting in inadequate care and feeding of the
children; that Joshua demonstrated inadequate
weight gain for a child of his age, indicating
improper feeding; that Aaron had been neglected
and his basic needs ignored; and that respondent
had failed to provide either adequate food or a bed
or crib for Joshua to sleep in and failed to apply
for adequate public assistance which would pro-
vide funds for the family.

Following the termination hearing, the trial
court issued a comprehensive and detailed written
opinion, finding that termination of respondent's
parental rights with respect to the two minor
children was warranted under MCL 712.19b(3)(c)(i)
or (d); MSA 27.3178(598.19b)(3)(c)(i) or (d). Respon-
dent has appealed this ruling as of right and raises
several issues on appeal.

II

First, respondent argues that the trial court

committed error requiring reversal by conducting the termination hearing more than sixty-three days after the filing of the petition for termination of parental rights. This argument is without merit.

MCR 5.974(F)(1)(b) provides:

> The hearing on a supplemental petition for termination of parental rights under this subrule must be held within 42 days after the filing of the supplemental petition. The court may, for good cause shown, extend the time period for an additional 21 days.

The staff comments on this rule provide in pertinent part:

> A hearing on the supplemental petition under § 19a of the Juvenile Code must be held within 42 days after the petition is filed unless good cause is shown. In no case *should* the time period be extended past an additional 21 days. [Emphasis added.]

The supplemental petition in this case was filed on April 21, 1989. All parties signed a stipulation to a continuance on April 27, 1989, and the termination hearing was actually held on July 7, 1989, following another continuance stipulated to by the parties.

Interpretation of a court rule is subject to the principles governing statutory construction. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). A court rule should be construed in accordance with the ordinary and approved usage of language; it should also be construed in light of its purpose and the object to be accomplished by its operation. *In re Prichard Estate,* 169 Mich App 140, 150-151; 425 NW2d 744 (1988), lv den 431 Mich 908 (1988).

We read nothing in the court rule prohibiting the trial court from extending the time period for an additional twenty-one days, as was done in the instant case, upon a showing of good cause. Indeed, the second continuance was granted at the request and with the express consent of the respondents, and constituted good cause.

We are mindful of the staff comments indicating that an extension should not be granted past twenty-one days. Generally "shall" designates a mandatory provision and "may" designates a provision granting discretion. *Law Dep't Employees Union v City of Flint,* 64 Mich App 359, 368; 235 NW2d 783 (1975). However, because of the negative emphasis of the sentence, we read "should [not]" in the staff comments to then MCR 5.975(F) as granting discretion to the trial judge to extend the time period beyond an additional twenty-one days.

Finally, we note that respondent suffered no prejudice from the relatively short delay (fourteen days) beyond the limits expressed in the court rule. In fact, respondents benefitted from the delay in that it gave them another chance to provide a suitable environment for the children prior to the termination hearing, which they were unfortunately unable to do.

We therefore conclude that the trial court committed no error by holding the termination hearing more than sixty-three days after the filing of the petition for termination of parental rights.

III

With respect to her second issue, respondent argues that the probate court lacked sufficient evidence of neglect to terminate respondent's parental rights. We disagree.

We review a decision to terminate parental rights under the clearly erroneous standard. *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made. *Id.,* p 278.

The probate court terminated respondent's parental rights pursuant to MCL 712A.19B(3)(c)(i) or (d); MSA 27.3178(598.19b)(3)(c)(i) or (d). That statute provides in pertinent part:

> (3) The court may terminate the parental rights of a parent to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> \* \* \*
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (i) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the age of the child.
>
> \* \* \*
>
> (d) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the age of the child.

Our review of the record convinces us that clear and convincing evidence was presented at the termination hearing to justify termination of respondent's parental rights under this statute. Tes-

timony indicated that respondent's apartment was always filthy, littered with trash and feces. Other witnesses stated that respondent left the children unattended for long periods of time, did not change their dirty diapers, and did not feed them adequately. There was testimony that the children were undernourished at the time they were removed to foster care. Moreover, respondent has been repeatedly evicted from her apartments due to her own misconduct and therefore is unable to maintain a stable home for the children. Furthermore, respondent failed to successfully complete parenting classes.

It is thus clear from the record that respondent is unable to properly care for her children, and there exists no reasonable likelihood that she will be able to provide proper care and custody for the children within a reasonable time. The trial court's findings are therefore not clearly erroneous.

IV

With respect to her third issue, respondent argues that the trial court committed error requiring reversal by relying in part on evidence of neglect which occurred before the original neglect petitions were filed. We disagree.

The probate court may consider all relevant and material evidence at the dispositional phase of a termination hearing. MCR 5.973(A)(4); *In re Hinson,* 135 Mich App 472, 474; 354 NW2d 794 (1984). We find no reason why the trial court in the instant case could not consider evidence of the respondent's prior neglect of her children, and therefore conclude that the trial court did not err in basing its decision in part on such evidence.

V

Next, respondent argues that the trial court abused its discretion by excusing the guardian ad litem from the proceedings. However, since respondent failed to object below to the absence of the guardian ad litem at one of the hearings, this issue has not been preserved for appeal. *In re Schmeltzer,* 175 Mich App 666, 673; 438 NW2d 866 (1989). Nonetheless, we find nothing in the case law, statutes, or court rules that absolutely requires a guardian ad litem's presence at all times during termination proceedings.

VI

In regard to her fifth issue, respondent argues that the trial court committed error requiring reversal by considering matters of evidence which were not formally received or supported on the record. We disagree.

Parental rights are terminated during the dispositional phase of termination proceedings. *In re Mathers,* 371 Mich 516, 532; 124 NW2d 878 (1963). At that point, the Michigan Rules of Evidence do not apply, and the trial court may consider and rely on all relevant and material evidence, including oral and written reports. MCR 5.973(A)(4).

Thus, the trial court in the instant case properly considered all exhibits and testimony elicited at prior dispositional hearings, including those exhibits that had not been formally received into evidence at an earlier proceeding. Furthermore, we note that respondent did not object below when the prosecutor requested that the court take these exhibits into consideration; therefore, the issue has not been properly preserved for appeal. *In re Schmeltzer, supra.*

VII

Respondent next argues that the trial court abused its discretion by denying her motion for a continuance of the April 12, 1989, dispositional hearing which she was unable to attend due to legitimate medical problems. We disagree.

There is no case law, statute, or court rule governing the grant or denial of a continuance in a termination of parental rights proceeding. Other Michigan court rules are specifically inapplicable to this subchapter. See MCR 5.901(A). However, applying by analogy Michigan law regarding the conduct of trials generally, we will reverse the trial court's decision to deny a continuance or adjournment only if we conclude that the trial court has abused its discretion. See *Cummings v Detroit,* 151 Mich App 347, 351; 390 NW2d 666 (1986), lv den 426 Mich 851 (1986).

Respondent was absent for the April 12, 1989, review hearing in this matter due to medical problems. However, our review of the record indicates that respondent was in no way prejudiced by her absence at this hearing. Her attorney was present to protect her interests, and the court was fully apprised of her position regarding the termination of her parental rights. Moreover, respondent was present at the later and more important hearings during the dispositional phase of this matter. There is nothing in the court rules or case law absolutely requiring respondent's presence at all hearings during these proceedings, and the trial court did not abuse its discretion by proceeding with the April 12, 1989, review hearing in her absence.

VIII

In regard to her seventh issue, respondent ar-

gues that her plea was not knowingly, understand-
ingly, and voluntarily made and that therefore the
trial court erred in accepting it. We disagree.

Respondent's argument rests on the fact that
the court did not specifically ask her if her plea
was knowingly made. However, the court rule,
MCR 5.971, does not require this. The court need
only satisfy itself that the plea is knowingly, un-
derstandingly, and voluntarily made. See MCR
5.971(C)(1). Our review of the record, specifically
the court's lengthy discussion with respondent
regarding the particulars of the plea agreement,
convinces us that respondent voluntarily entered
into her plea and that the plea agreement was not
illusory.

IX

Finally, respondent argues that the trial court
committed error requiring reversal by authorizing
a petition for termination which was executed by
the prosecuting attorney as the petitioner. We
disagree.

Respondent has cited no authority for her posi-
tion, therefore this issue is not properly before us.
*Butler v DAIIE,* 121 Mich App 727, 737; 329 NW2d
781 (1982). In any event, we note that MCR
5.974(A)(1) provides:

> Parental rights of the respondent over the child
> may not be terminated unless termination was
> requested in an original, amended, or supplemen-
> tal petition made by the prosecutor, agency, or
> representative of the child.

This rule was effective April 1, 1989, see 432
Mich clxxvi, cxcii, and would therefore apply to
the supplemental petition filed by the prosecuting

attorney's office on April 21, 1989. Thus, the supplemental petition for the termination of respondent's parental rights was properly brought by the prosecuting attorney.

Affirmed.