# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
April 21, 2016

No. 330722
Charlevoix Circuit Court
Family Division
LC No. 15-001192-AY

*In re* KJS, Minor.

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right an order vacating his stepparent adoption of KJS because the parties "individually or together for their own separate reasons, perpetrated a fraud upon the [trial c]ourt in pursuing the step-parent adoption." We affirm.

## I. BACKGROUND FACTS

KJS was born to petitioner in the Republic of the Philippines. His biological parents never married. After KJS's birth, petitioner met respondent online, and the parties participated in a religious marriage ceremony in 2011. Once petitioner secured a fiancé visa for herself and a green card for KJS, they came to the United States, and the parties legally married in 2013. In March 2015, the parties petitioned for respondent to adopt KJS in a stepparent adoption. Thereafter, court officers conducted a preadoption home study. Notes from the study described respondent as a father figure and a constant in KJS's life and stated that KJS had never known another father figure. The officers stated that respondent was attentive and loving toward petitioner, and commented that both parties were pleased to proceed with the adoption and hoped that it would expedite KJS's American citizenship process. The officers recommended adoption, concluding that the parties' home was a stable and loving environment for KJS, that respondent intended to serve as KJS's provider through the coming years, and that he understood the importance of providing a secure family for KJS and petitioner. On November 18, 2015, the trial court entered an order finalizing the adoption.

The next day, November 19, 2015, the parties fought. Respondent testified that during the fight, petitioner threatened to kill him and claimed that she was leaving and taking KJS with her. Petitioner denied these claims, but agreed that a fight occurred. She explained that she left for work during the fight, and when she returned home, respondent told her he wanted a divorce. Petitioner then sent three e-mails to the trial court, requesting a rehearing and seeking to set aside the stepparent adoption. Petitioner stated that respondent refused to attend marriage counseling, and he only wanted to obtain full custody of KJS and to force her out of the marital home. The

-1-

trial court treated petitioner's e-mails as a petition for rehearing, and on November 24, 2015, it notified the parties that a hearing would be held on December 9, 2015.

After the trial court set the matter for hearing, the parties' relationship continued to deteriorate. On December 1, 2015, respondent filed for divorce in the Washtenaw Circuit Court. In his complaint, respondent alleged that he did not feel safe being married to petitioner due to her anger and mental health issues. He asserted that he was concerned that petitioner would attempt to physically harm him or flee with KJS. Respondent also claimed that petitioner made death and kidnapping threats "[o]n many occasions," and he therefore sought an ex parte order granting him a mutual property restraining order, exclusive use of the parties' home, joint legal and sole physical custody of KJS, and supervised parenting time for petitioner. On December 2, 2015, the Washtenaw Circuit Court granted respondent's request for an ex parte order.

At the December 9, 2015 hearing in the adoption proceeding, the trial court explained that the purpose of the hearing was "to determine whether or not the situation, as it was presented to the Court on the day of finalization of the adoption, was in fact a true representation of the intention of the parties at that time." The court noted that shortly after it finalized the adoption, it received information indicating that the parties were separated or in a divorce or custodial conflict. Respondent asserted that he was not prepared for a full evidentiary hearing, and asked for additional time or a continuance so he could present witnesses, but the trial court denied his request, stating that the hearing had been properly noticed.

The trial court then took testimony from the parties. Petitioner testified that she lived in a shelter during the summer of 2014 due to domestic abuse by respondent. Petitioner agreed that the parties fought in September 2015, but stated that when she threatened to stop the adoption, respondent became nicer and never asked for a divorce until after the adoption was finalized. Respondent denied that the parties ever had a stable relationship, and described their marriage as "volatile." He explained that during the four-year marriage, the parties argued nearly every day and discussed divorce on multiple occasions. Respondent also suggested that the filing of the adoption petition had "very coincidental timing to the removal of the conditions for [petitioner's] green card." Both parties denied sharing any of their relationship problems with the court officers who conducted the preadoption home study.

Following the hearing, the trial court vacated the final order of adoption as a result of the parties' fraud and misrepresentation. The court explained that the purpose of the stepparent adoption was "to create a cohesive family unit for a child" and that a stable relationship was required before the court would approve such an adoption. The court found that the parties never disclosed their problematic relationship to court officers, instead presenting themselves as a cohesive and loving couple. The trial court noted that if the parties had revealed the true nature of their relationship, it was very unlikely that the court would have approved the adoption.[1]

---

[1] This Court stayed enforcement of the order vacating the adoption pending appeal. *In re KJS*, unpublished order of the Court of Appeals, entered December 18, 2015 (Docket No. 330722).

## II.  REHEARING PROCEDURE UNDER MCR 3.806

On appeal, respondent argues that the trial court's order vacating the stepparent adoption should be overturned because the court failed to comply with the rehearing procedure in MCR 3.806.[2]  Specifically, respondent argues that there was not good cause to grant a rehearing, the trial court failed to state its reasons for granting a rehearing on the record, and the trial court failed to provide adequate notice of its decision to grant a rehearing.  We disagree.

MCR 3.806(A) provides that a "party may seek rehearing [regarding an adoption order] under MCL 710.64(1) by timely filing a petition stating the basis for rehearing."  MCL 710.64(1) states that "[u]pon the filing of a petition in court within 21 days after entry of any order under this chapter, and after due notice to all interested parties, the judge may grant a rehearing and may modify or set aside the order."  A trial court "must base a decision on whether to grant a rehearing on the record, the pleading filed, or a hearing on the petition.  The court may grant a rehearing only for good cause . . . [and the] reasons for its decision must be in writing or stated on the record."  MCR 3.806(B).  Good cause is generally defined as "a legally sufficient or substantial reason."  *In re Utrera*, 281 Mich App 1, 22; 761 NW2d 253 (2008).  "If the court grants a rehearing, the court may, after notice, take new evidence on the record.  It may affirm, modify, or vacate its prior decision in whole or in part.  The court must state the reasons for its action in writing or on the record."  MCR 3.806(C).

Respondent first argues that the trial court lacked good cause to grant a rehearing.  The Michigan Adoption Code, MCL 710.21 *et seq.*, provides that "[i]f the petitioner for adoption is *married* to the parent having legal custody of the child, the child shall not be made a ward of the court after termination of the rights of the other parent."  MCL 710.51(3) (emphasis added).  MCL 710.51(5) states that the rights of a custodial parent shall not be terminated "[i]f a parent having legal custody of the child is *married to the petitioner for adoption*."  (Emphasis added.)  Further, the involuntary termination of a noncustodial parent's rights can only occur "if the parent having legal custody of the child *subsequently marries* and that *parent's spouse* petitions to adopt the child."  MCL 710.51(6) (emphasis added).  In essence, the stepparent adoption statute, MCL 710.51(6), allows a trial court to overcome the presumption that a child's best interests are served by awarding custody to a natural parent "to allow the creation of a two-parent family where one did not exist before," *In re Newton*, 238 Mich App 486, 493; 606 NW2d 34 (1999), which requires a marriage between the child's custodial parent and adoptive stepparent.

In this case, good cause existed for a rehearing after the trial court learned that the parties were contemplating ending the marriage underlying the stepparent adoption.  Shortly after the trial court finalized KJS's adoption, petitioner sent the trial court a series of e-mails indicating that the parties began discussing divorce the day after the adoption.  The potential, immediate dissolution of the marriage that served as the necessary predicate for the adoption constitutes a legally sufficient reason to grant rehearing pursuant to MCR 3.806(B).

---

[2] We review de novo questions involving the interpretation and application of the court rules. *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 258; 739 NW2d 121 (2007).

Next, respondent argues that the trial court erred because it failed to articulate its reasons for finding good cause to grant a rehearing either in writing or on the record. However, the trial court stated on the record at the December 9, 2015 hearing that it allowed the hearing "to determine whether or not the situation, as it was presented to the Court on the day of finalization of the adoption, was in fact a true representation of the intention of the parties at that time," and "whether or not this was intended to be a long-term family." The court explained that it scheduled the hearing after it received "certain other documents that would indicate that the parties are now separated or in a divorce or a custodial conflict." It is clear from the trial court's statements that it found good cause to proceed with a rehearing pursuant to MCR 3.806(B) in light of documents filed in the record. No error occurred in this regard.

Respondent next argues that the trial court effectively and improperly combined the hearing on petitioner's request for a rehearing and the rehearing itself into one hearing, and erroneously took new evidence on the record without first explicitly granting rehearing or providing adequate notice of the rehearing as required by MCR 3.806(C). Respondent argues that this action "adversely impacted his ability to present evidence addressing the adoption rehearing." We find no error in the trial court's conduct.

Again, MCR 3.806(C) states that "[i]f the court grants a rehearing, the court may, after notice, take new evidence on the record." The statute on which this rule is based requires that all parties be granted "due notice" of any rehearing. MCL 710.64. Neither the court rule nor the statute defines notice or explains the type of notice required. *Black's Law Dictionary* (10th ed) defines "due notice" as "[s]ufficient and proper notice" or "notice that is legally adequate given the particular circumstance."

On November 24, 2015, the trial court notified the parties of the December 9, 2015 hearing, and the trial court articulated its reasons for proceeding with rehearing at the beginning of the December 9, 2015 hearing. Respondent argues that it was not clear from the notice whether the court would be holding a rehearing or merely a hearing to address whether it should grant a rehearing, and he therefore lacked sufficient notice to collect and present evidence at the rehearing. Under the circumstances of this case, we believe that the trial court's notice was sufficient and legally adequate to make respondent aware that the trial court could proceed with rehearing on December 9, 2015. Moreover, the only adverse impact claimed by respondent as a result of the trial court's alleged inadequate notice was that he was not able to present additional witnesses at the rehearing. However, after granting a rehearing, the trial court was not required to accept any evidence respondent wished to offer before it affirmed, modified, or vacated its previous decision in whole or in part. See MCR 3.806(C) (stating that a trial court "may" take new evidence if it grants a rehearing); *Veltman v Detroit Edison Co*, 261 Mich App 685, 695; 683 NW2d 707 (2004) ("The use of the word 'may' in the court rule is permissive."). Therefore, we perceive no error requiring reversal in this case.

Respondent similarly argues that the trial court abused its discretion by denying his request for a continuance because MCL 710.25 allows for a continuance if good cause exists. *In re MKK*, 286 Mich App 546, 562; 781 NW2d 132 (2009). We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *In re King*, 186 Mich App 458, 466; 465 NW2d 1 (1990). The trial court did not abuse its discretion by denying respondent's request for a continuance so he could present additional witnesses because the court was not required to

consider any evidence respondent may have sought to present before issuing its decision. MCR 3.806(C); *Veltman*, 261 Mich App at 695. Accordingly, respondent's argument lacks merit.

### III. VACATING THE ADOPTION FOR FRAUD

Respondent next argues that the trial court erroneously concluded that the parties committed fraud in securing the adoption. We disagree. We review a trial court's decision to set aside an adoption order under MCL 710.64(1) for an abuse of discretion, *In re Myers*, 131 Mich App 160, 163-164; 345 NW2d 663 (1983), and review its factual findings for clear error, *Book-Gilbert v Greenleaf*, 302 Mich App 538, 542; 840 NW2d 743 (2013).

Although good cause is required to grant the rehearing that allows for vacating an adoption, neither the court rule, MCR 3.806, nor statute, MCL 710.64, articulate a standard for vacating an adoption. MCL 710.64(A) simply states that "the judge may . . . set aside the order," and MCR 3.806(C) states that the trial court "may . . . vacate its prior decision in whole or in part." Fraud is a potential basis for vacating an adoption. See *In re Neagos*, 176 Mich App 406, 411; 439 NW2d 357 (1989) (recognizing that "the power of equity includes the power to set aside an adoption where fraud at the time of adoption is shown"); see also *In re Kozak*, 92 Mich App 579, 580-581, 584; 285 NW2d 378 (1979). To establish fraud, petitioner was required to prove the following:

> (1) that [respondent] made a material representation; (2) that it was false; (3) that when [respondent] made it [he] knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that [respondent] made it with the intention that [it would be] act[ed] upon . . . ; (5) that [it was relied upon]; and (6) that . . . injury [occurred]. [*In re Nord*, 149 Mich App 817, 821; 386 NW2d 694 (1986).]

However, because courts are "extremely reluctant to set aside adoptions," the fraud must be significant, positive fraud. *Neagos*, 176 Mich App at 412. When determining whether the fraud in this case constitutes significant, positive fraud, we again consider the underlying purpose of the stepparent adoption statute, which is "to allow the creation of a two-parent family where one did not exist before," *Newton*, 238 Mich App at 493, predicated on a marriage between the biological custodial parent and the stepparent, MCL 710.51(6).

The parties petitioned for a stepparent adoption in March 2015, and ultimately received a stepparent adoption on November 18, 2015. Immediately after the court finalized the adoption, details emerged suggesting that the parties did not intend to remain married or create a two-parent family for KJS. Petitioner informed the court that respondent discussed divorce the day after the court finalized the adoption, and respondent described the parties' relationship as consistently volatile. Petitioner testified that the parties' relationship involved domestic abuse, which caused her to live in a shelter during the summer of 2014. Respondent testified that the parties fought frequently and discussed suspending the adoption in September 2015. He also challenged petitioner's motives for seeking the adoption because the filing of the petition coincided with the removal of the conditions on petitioner's green card. This evidence suggests that respondent made a material misrepresentation in petitioning for the adoption that he and

-5-

petitioner intended to create a two-parent family for KJS, which constituted fraud. The trial court did not abuse its discretion by concluding on the basis of this evidence that there was significant, positive fraud.

## IV. CONSIDERING THE CHILD'S BEST INTERESTS AT REHEARING

Finally, respondent argues that the trial court abused its discretion by vacating the stepparent adoption without making best-interest findings. We disagree.

The purpose of the Adoption Code is "[t]o provide procedures and services that will safeguard and promote the best interests of each adoptee," and "the rights of the adoptee shall be paramount." MCL 710.21a. The Adoption Code lists several best-interest factors, MCL 710.22(g), that must be considered "[u]pon the filing of an adoption petition . . . in the investigation" of the adoption. MCL 710.46(1)(a). However, MCL 710.64(1) does not discuss the need for best-interest findings at a rehearing. Caselaw suggests that it is within a trial court's discretion whether to make best-interest findings when deciding whether to vacate an adoption. In *In re Burns*, 236 Mich App 291, 292-293; 599 NW2d 783 (1999), and *In re Blankenship*, 165 Mich App 706, 713-714; 418 NW2d 919 (1988), this Court held that trial courts did not abuse their discretion by considering a child's best interests while holding hearings to vacate adoptions. In *In re Koroly*, 145 Mich App 79, 88; 377 NW2d 346 (1985), this Court held that a trial court did not err by "failing to articulate on the record its application of the factors evaluating the best interests of the child" during a rehearing under MCL 710.64. Because Michigan caselaw allows a trial court to decide whether to make best-interest findings during a rehearing, the trial court did not abuse its discretion by declining to do so here.

Affirmed.


/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola